HOWARD YOUNGER v. GILLER CONTRACTING COMPANY, INC.

196 So. 690
En Banc
Opinion Filed June 7, 1940

*McKay, Dixon & DeJarnette,* for Plaintiff in Error;
*A. Judson Hill,* for Defendant in Error.

CHAPMAN, J.—On February 23, 1939, plaintiff in error here, who was the plaintiff in the lower court, filed in the Circuit Court of Dade County, Florida, his declaration consisting of two counts, and the material portions of the two counts necessary to a decision of this case are, viz.:

"COUNT ONE. On, to-wit, November 21st, 1938, the plaintiff was employed by Max H. Friedson and/or Friedson Construction Company as a carpenter, in connection with the erection of a certain store building designated as 612 5th Street, City of Miami Beach, Dade County, Florida; that the defendant was engaged in performing the masonry and/or concrete work in and about the aforesaid store building; that the said defendant through its employees, agents and/or servants, had caused concrete blocks to be piled up on a 2x4 piece of lumber placed over the entrance to the rear of the aforesaid building; that the said plaintiff in the course of his employment was required to walk through the aforesaid rear entrance; that when the said plaintiff was about to walk through the aforesaid rear entrance of the aforesaid building an employee, agent and/or servant of the defendant, while in the course of his employment,

knocked one of the concrete blocks off the top of the pile and caused the said concrete block to fall on the head of the plaintiff * * *."

"COUNT TWO. On, to-wit, November 21st, 1938, the plaintiff was employed by Max H. Friedson and/or Friedson Construction Company as a carpenter, in connection with the erection of a certain store building designated as 612 - 5th Street, City of Miami Beach, Dade County, Florida; that the defendant was engaged in performing the masonry and/or concrete work in and about the aforesaid store building; that the said defendant, through its employees, agents and/or servants, had caused concrete blocks to be piled up on a 2x4 piece of lumber placed over the entrance to the rear of the aforesaid building; that the plaintiff in the course of his employment was required to walk through the aforesaid rear entrance; that when the said plaintiff was about to walk through, the aforesaid rear entrance of the aforesaid building, an employee, agent and/or servant of the defendant, while in the course of his employment, negligently caused the aforesaid concrete blocks to be piled too high and as a result of the said negligent act, a concrete block fell off the pile and dropped on the plaintiff's head * * *."

The defendant filed a demurrer to the declaration, and the following grounds of the demurrer were directed to each count:

"I. Plaintiff's declaration wholly fails to state a cause of action against this defendant.

"II. Plaintiff's declaration is duplicitous.

"III. Plaintiff's declaration fails to allege any duty or fact out of which the court can determine, as a matter of law, that there existed any duty on the part of this defendant toward the plaintiff at the time of the alleged accident.

"IV.   There is no negligence of the defendant, or of the defendant's agents, servants or employees, alleged which caused the accident complained of.

"V.   There is no allegation sufficient to enable the court to determine, as a matter of law, whether the plaintiff has a cause of action at common law against this defendant.

"VI.   It clearly appears from the plaintiff's declaration, and each count thereof, that the accident, out of which arose the injuries complained of, was one sustained in industrial pursuits by an employee as a result of the alleged negligence of another employee, wherefore plaintiff is attempting to pursue this suit in this court.

"VII.   It clearly appears from the plaintiff's declaration that the plaintiff's only legal right in proceeding is for compensation under the Florida Workmen's Compensation Act."

The lower court entered an order sustaining the demurrer, and the recitals in the order material to a disposition of this case are, viz.:

" * * * It appears to the court that Section 10-A of the Florida Workmen's Compensation Act, being Chapter 17481, Acts of 1935, as amended by Chapter 18413, Acts of 1937, indicates that the Legislature intended that all employees of contractors and subconstractors if injured during the process of the performance of the common work, should be deemed statutory employees under the general contractor, as otherwise the words 'shall be deemed to be employed in one and the same business or establishment' are meaningless.   If the general contractor by reason of this statute is the employer of the workmen of the subcontractor this relationship must exist for all purposes, and therefore, the subcontractor could not be considered a 'third person' within the meaning of Section 39-A, because the latter mentioned section provides that if it is determined that some persons

'other than the employer' is liable for the damages sustained by an employee, the damages may be recovered against such 'third person.'

"It is the further opinion of the Court that it was the legislative intention, as to the court clearly disclosed by the amendment heretofore referred to, to sweep within its provisions all claims for compensation flowing from personal injuries arising out of and in the course of employment by a common employer, and to provide for all employees, whether of a general contractor or its subcontractors, equal rights and benefits under the Act, and to give to none of these employees greater rights than others employed in the same common business or establishment might or could have pursuant to the provisions of the statute * * *."

A final judgment on the demurrer was entered by the lower court in behalf of the defendant and from this final judgment an appeal has been perfected to this Court, and it is contended that the order sustaining the demurrer addressed to each count of the declaration on the part of the lower court was reversible error.

The question for a decision by this Court is: May a subcontractor be sued at law in a tort action by an employee of the general contractor based upon the alleged negligence of the subcontractor's employee, or is such tort action prohibited by the provisions of Section 10-A of Chapter 18413, Acts of 1937, amending Section 10 of Chapter 17481, Acts of 1935? The lower court held that the tort action could not be maintained.

In the absence of statutory regulation, plaintiff Younger, employee of the general contractor, would have a tort action against the subcontractor for negligent injuries. It is our duty to determine in what measure if any the Workmen's Compensation Act has changed this common-law liability.

Section 10 (a) of the Workmen's Compensation Act, as amended by Chapter 18413, Acts of 1937, is, in part, as follows:

"In case a contractor sub-lets any part or parts of his contract work to a sub-contractor or sub-contractors, all of the employees of such contractor and sub-contractors engaged in such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall secure the payment of compensation to all such employees, except to employees of a sub-contractor who has secured such payment."

This section of the Act imposes a statutory liability on the general contractor where the sub-contractor has failed to secure the payment of compensation to his employees, and the general contractor is the statutory employer of all employees engaged in the common enterprise.

Section 39 (a) of the Act is, in part, as follows:

"If on account of a disability or death, for which compensation is payable under this Act, the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect by giving notice to the employer and the Commission in such manner as the Commission may provide, to receive such compensation or to recover damages against such third person. * * * "

In order for plaintiff to maintain this suit it must be shown that the sub-contractor was "some person other than the employer," within the meaning of Section 39 (a).

Plaintiff contends, and he is supported by authority, that inasmuch as the obligation of securing equal benefits is imposed upon the general contractor, he is immunized from common-law liability to employees injured in work on the common enterprise. With this we are in accord, but we

cannot agree with plaintiff when he attempts to carry this theory one step further and say that inasmuch as no such general liability is imposed upon the sub-contractor, the consequent immunity cannot be applicable to him. It is not in accordance with the controlling principles of workmen's compensation that of two men working shoulder to shoulder, one, being the employee of the general contractor, should be entitled to more benefits and greater advantages than the other.

The intention of the Legislature in amending Section 10 (a) was to abrogate the common law to the extent of making all of the employees engaged in a common enterprise statutory fellow-servants. They were never to be considered *inter se* third parties as to each other or to the immediate contractual employers. All workers engaged in such common enterprise were brought within the protection of the Workmen's Compensation Act where they might obtain equal benefits as provided by the Act without the necessity of resorting to a common-law action to accomplish this result. We cannot garner any other meaning from the statute except that the employees of the sub-contractor and the general contractor were to be on an equal footing.

Try as we may, we cannot but reach the same conclusion as was arrived at by the circuit judge in his recitation that the intention of the Legislature as clearly disclosed by the amendment was "to sweep within its provisions all claims for compensation flowing from personal injuries arising out of and in the course of employment by a common employer, and to provide for all employees whether of a general contractor or its sub-contractors, equal rights and benefits under the Act, and to give to none of these employees greater rights than others employed in the same common business or establishment might or could have pursuant to the provisions of the statute. * * * "

The sub-contractor is not "some person other than the employer" against which "third person" a common-law action for damages may be maintained. The judgment of the circuit court is—

Affirmed.

TERRELL, C. J., WHITFIELD, BUFORD and THOMAS, J. J., concur.

BROWN, J., dissents.