**ANNA LOU BRICKLEY, a widow, v. GULF COAST CONSTRUCTION COMPANY, a corporation.**

14 So. (2nd) 265                                    June Term, 1943
June 25, 1943                                            Division B

*George Palmer Garrett,* for appellant.
*Maguire, Voorhis & Wells,* for appellee.

SEBRING, J.:

The defendant, Gulf Coast Construction Company, was a general contractor engaged in the construction of an air field at Taft, Florida. The contract for hauling materials to be used in building the field was sub-let by the general contractor to Moore Truck and Tractor Company. John Brickley was employed by the sub-contractor as a truck driver. His duties were to haul materials from a railroad depot in Taft to the airfield. The route he was required to travel compelled him to pass over a railroad crossing. Because of objects adjacent to the crossing which obscured the view, it was difficult for persons on the highway to see trains approaching on the tracks. On account of this dangerous situation Gulf Coast Construction Company maintained a flagman at the crossing to warn truck drivers employed by the sub-contractor of the approach of trains.

On May 14, 1942 John Brickley approached the railroad crossing, driving his truck in the course of his duties. At that time the flagman was absent from his post of duty. Assuming from the absence of the flagman that no trains

were in the near vicinity, Brickley drove upon the railroad crossing and was struck and killed by a moving train.

At the time of the fatal accident the sub-contractor, Moore Truck and Tractor Company, had secured the payment of compensation to Brickley under Section 10 of the Florida Workmen's Compensation Law and was liable to him for such compensation. Sec. 440.10, F.S. 1941. The general contractor, Gulf Coast Construction Company, had no compensation coverage on Brickley.

The widow of John Brickley brought a common law action against Gulf Coast Construction Company to recover damages for the alleged negligence of its flagman in failing to warn the deceased of the approach of the train. Gulf Coast Construction Company demurred to the declaration on the ground, among others, "that the plaintiff's only legal right in proceeding is for compensation under the Florida Workmen's Compensation Act." The demurrer was sustained and the plaintiff refused to plead further. Final judgment was thereupon rendered in favor of the defendant.

The only question presented on this appeal is whether under the Florida Workmen's Compensation Law the widow of a deceased workman employed by a sub-contractor who has secured the payment of compensation for him, may maintain a common law action for damages against the general contractor for the negligence of one of its employees, which causes the death of her husband while engaged in the contract work.

We think that the applicable provisions of the Florida Workmen's Compensation Law make it entirely clear that all workmen engaged in the same contract work are deemed to be employed in one and the same business or establishment, and, without regard to whether they are employed by the general contractor, or by a sub-contractor under him, are to be considered for compensation purposes as the employees of the general contractor. Younger v. Giller Contracting Co., Inc., 143 Fla. 335, 196 So. 690. The Law requires the general contractor to secure payment of compensation to all such employees, or to see to it that such of them as are employed by the sub-contractor, directly, are secured by the

latter. If payment of compensation has been secured by the general contractor, either directly or through the sub-contractor, a recovery for injury or death arising out of and in the course of the contract work is exclusively under the Workmen's Compensation Law, for compensation. If the general contractor has failed to secure payment of compensation, either directly or indirectly, in accordance with the provisions of the law, an injured employee, or, in case of death, any person entitled to recover, may elect to maintain an action at law against him, on account of injury or death arising out of and in the course of the employment. See Secs. 440.10, 440.11, F.S. 1941.

It appearing from the pleadings that the sub-contractor, Moore Truck and Tractor Company, has secured the payment of compensation on the deceased employee, John Brickley, action for benefits is exclusively under the Workmen's Compensation Law; and a common law action for damages may not be maintained. Sec. 440.11, *supra*.

The judgment appealed from is affirmed.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.