48 So.2d 840 (1950)
MIAMI ROOFING & SHEET METAL CO., Inc.
v.
KINDT.
Supreme Court of Florida, Division A.
November 21, 1950.
Rehearing Denied December 14, 1950.
*841 Fleming & Hill, Miami, for appellant.
Brown & Dean, Miami, for appellee.
ROBERTS, Justice.
The plaintiff, appellee here, brought a common-law action for damages against the defendant-appellant, his cause of action being stated as follows: "On or about September 2, 1947, the defendant, Miami Roofing & Sheet Metal Co., Inc., a corporation, was engaged in performing roofing services upon a house located in the vicinity of Northwest 15th Avenue and 100th Street, Miami, Dade County, Florida, at which time and place the plaintiff was an invitee, performing painting and decorating service. At said time and place the defendant, by and through its employees, who were then and there acting within the scope of their employment, carelessly and negligently transferred from a truck, loaded and stored on the roof of said house, bundles of roofing material, whereby one of said bundles of roofing material fell upon the head of the plaintiff, who was then and there lawfully upon the said premises in pursuance of his duties. At said time and place the said bundles of roofing material were in the sole control of the defendant, acting by and through its employees as aforesaid." The declaration then alleged the injuries sustained by plaintiff as a result of the aforementioned acts of defendant's employees. The defendant demurred to the declaration on the ground that it affirmatively appeared therein that plaintiff and defendant, its agents, servants and employees, were engaged in a common employment, and that the action could not, therefore, be maintained, since defendant was not a "third person" within the meaning of the Florida Workmen's Compensation Act, Chapter 440, Florida Statutes, same F.S.A. This demurrer was overruled, whereupon defendant filed several pleas, alleging, among others, that at the time plaintiff was injured, he was employed by Terry's Painting and Decorating Service, which was a subcontractor acting under a general contractor on the construction project, and that the defendant was also a subcontractor under this same general contractor; and that, therefore, the defendant was not a "third person" against whom a common-law action for damages could be maintained.
The cause went to trial on the issues made by defendant's pleas, and the jury found for the plaintiff. The defendant's motions for directed verdict, filed at the close of plaintiff's case and again at the close of the entire case, were denied, as was its motion for new trial. Judgment was entered for plaintiff, from which defendant appeals.
The defendant first contends, on this appeal, that the trial judge erred in overruling its demurrer to plaintiff's declaration, citing Younger v. Giller Contracting Co., Inc., 143 Fla. 335, 196 So. 690, 693, in support of its contention. In the Younger case, it was a proper inference from the pleadings that the plaintiff, as an employee of the general contractor, sought to recover damages from a subcontractor on the same job because of injuries caused by the sub-contractor's employee. In holding that the remedy under the Workmen's Compensation Act was exclusive and in affirming the order of the lower court sustaining defendant's demurrer, this court said "* * * The intention of the legislature in amending Section 10(a) [Section 440.10(1), Florida Statutes, same F.S.A.] was to abrogate the common law to the extent of making all of the employees engaged in a common *842 enterprise statutory fellow servants. They were never to be considered inter se third parties as to each other or to the immediate contractual employers. * * * [it was the legislative intention] * * * `to sweep within its provisions all claims for compensation flowing from personal injuries arising out of and in the course of employment by a common employer, and to provide for all employees, whether of a general contractor or its sub-contractors, equal rights and benefits under the Act, and to give to none of these employees greater rights than others employed in the same common business or establishment might or could have pursuant to the provisions of the statute.'"
Similarly, in Brickley v. Gulf Coast Const. Co., 153 Fla. 216, 14 So.2d 265, 266, where the action was brought against the general contractor by the widow of a deceased employee of a sub-contractor, this court again sustained the action of the trial court in holding the declaration demurrable, and stated that "We think that the applicable provisions of the Florida Workmen's Compensation Law make it entirely clear that all workmen engaged in the same contract work are deemed to be employed in one and the same business or establishment, and, without regard to whether they are employed by the general contractor, or by a sub-contractor under him, are to be considered for compensation purposes as the employees of the general contractor." (The emphasis in this and in the preceding quotation from the Younger case is supplied.)
The declaration in the instant case does not, however, affirmatively show the existence of a general contractor, or any other statutory "common employer," in the performance of whose contract work both plaintiff and defendant were engaged, as was the situation in the Younger and Brickley cases. There was, therefore, no error in the order of the trial judge overruling defendant's demurrer.
The defendant also contends, on this appeal, that the trial judge erred in denying its motion for a directed verdict at the close of the entire case. As has been heretofore indicated, the cause went to trial on the issues made by defendant's pleas, and particularly as to whether or not the defendant was a "third person" against whom a common law action for damages could be maintained. In support of this particular plea, the defendant adduced evidence to prove that the corporate owner of the property, to wit, College Homes, Inc., employed C.F. Wheeler, Builder, a copartnership with a general contractor's license, as the general contractor for the construction of the homes in the particular building project here involved. There is no conflict in the evidence that both the defendant and the plaintiff's employer had contracts with C.F. Wheeler, Builder, for work on the project, the former for the roofing work and the latter for the painting work. It was also shown that the plaintiff's employer was insured under the Workmen's Compensation Act and that plaintiff had received workman's compensation benefits for the injuries here complained of.
The first point to be determined, then, is whether or not the rule in the Younger and Brickley cases (that is, that in injuries involving the employees of the general contractor and employees of a sub-contractor the remedy under the Workmen's Compensation Act is exclusive) should be extended to suits by the employee of one subcontractor against another sub-contractor under the same general contractor. We think that there can be no doubt that the rule must be the same. The decisive elements, that is, a "common employer" and "engaged in the same contract work," exist in each situation. Since such employees, whether employed by a subcontractor or the general contractor, are deemed to be statutory fellow servants, there would appear to be no basis for giving a greater right or benefit to an employee, simply because his injury happened to occur by reason of the negligence of the employee of another subcontractor, rather than by the negligence of an employee of the general contractor.
A similar conclusion was reached by the Massachusetts court in Dresser v. New Hampshire Structural Steel Co., 296 Mass. 97, *843 4 N.E.2d 1012, in which it was held that all employers on the job, including a subcontractor whose employee's negligence caused injuries to another subcontractor's employee, became protected from liability for damages to employees injured while within the scope of the common employment by insuring under the Workmen's Compensation Act. It should be noted, here parenthetically, that in holding the employee's remedy to be exclusively under the Florida Workmen's Compensation Act, it must, of course, appear that the general contractor has secured the payment of workmen's compensation either directly or indirectly through the subcontractor. See Brickley v. Gulf Coast Const. Co., supra.
In the instant case there was some testimony from which the jury might have inferred that the subcontract under which the plaintiff's employer was working gave such employer the status of "independent contractor," and it is contended on behalf of plaintiff that this changes the rule in the Younger and Brickley cases. This contention cannot be sustained. The statute provides that "In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment." Section 440.10, Florida Statutes, same F.S.A. It will be noted that it is not specifically provided that the liability of the contractor shall exist whether or not the subcontractor has the status of "independent contractor." But we think it is fair to assume that such was the legislative intent, as any other interpretation would result in inequalities among the workmen on the same job, all of whom are, in fact, engaged in fulfilling the general contractor's contract work, even though some of the workmen are responsible, insofar as the method of accomplishing the work is concerned, only to their own immediate employer. The interpretation contended for by plaintiff would also enable a general contractor to escape liability under the Act by doing through independent contractors what it would otherwise do through direct employees. See Smith v. Grace, 237 Mo. App. 91, 159 S.W.2d 383, 389; Madison Entertainment Corp. v. Kleinheinz, 211 Wis. 459, 248 N.W. 415.
We hold, therefore, that a contractor is liable for and shall secure compensation to the employees of his subcontractors, even though such subcontractors have the status of independent contractors, and that if such contractor has, in fact, secured such compensation, either directly or indirectly though the subcontractor, the remedy under the Act is exclusive.
It follows, therefore, that evidence that either one or both of the subcontractors here involved were independent contractors would not be sufficient to take the case to the jury, if there was, in fact, a principal contractor liable under the Act. As heretofore noted, the evidence is uncontradicted that both the defendant and plaintiff's employer were under contract with C.F. Wheeler, Builder (a copartnership) for their respective portions of the job. It is also undisputed that both defendant and plaintiff's employer were paid, under the terms of their subcontracts, by C.F. Wheeler, Builder, and that this firm was paid its contract price for supervising the construction of the homes in the project by College Homes, Inc., the record owner of the property. It is, however, also shown that College Homes, Inc., was one of several corporations organized by the Wheeler family, and that C.F. Wheeler (as an individual) owned a majority of the stock in College Homes, Inc. The plaintiff contends that "if C.F. Wheeler, Builder, and College Homes, Inc., were in truth and fact the same legal entity, then C.F. Wheeler was the owner of the property involved and could not possibly contract with himself, and hence could not be a general contractor," and that, therefore, it was proper to submit to the jury the question of whether or not the subcontracts were, in fact, executed *844 by the owner of the property and not by a "general contractor." This contention cannot be sustained.
Section 440.11, Florida Statutes, same F.S.A., provides that "The liability of an employer * * * shall be exclusive and in place of all other liability of such employer * * * except that if an employer fails to secure payment of compensation as required by this chapter an injured employee * * * may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages * * *. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant * * *." Since the general contractor is the statutory employer of all employees engaged in the common enterprise, see Younger v. Giller Contracting Co., Inc., supra, it would appear that if such general contractor had failed to secure, either directly or indirectly, the payment of compensation for which such contractor is liable under Section 440.10(1), an injured employee of a subcontractor could elect to sue the general contractor for damages, and without the burden of having to meet the defenses of the fellow servant rule, contributory negligence, and the like. Certainly, then, if the plaintiff were here seeking to hold the general contractor, C.F. Wheeler, Builder, to its statutory liability under Section 440.11, we do not think that the general contractor could claim a "third party" status, with the defensive advantages thereof, by pleading the facts here relied on by plaintiff. Similarly, we do not think plaintiff can impose a "third party" status on the general contractor in the situation here involved and thereby remove the aura of "common employer" whose existence gives the work as a whole the character of a common job or employment.
The defendant having proved its plea that, by reason of the existence of a general contractor, the plaintiff's employer and the defendant being subcontractors thereunder, the defendant was not a "third party" against whom a common-law action for damages would lie, it was error to submit the case to the jury.
The judgment is, accordingly, reversed and the cause remanded with directions to enter a judgment for defendant.
Reversed and remanded.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.