105 So.2d 578 (1958)
John R. SMITH, Appellant,
v.
POSTON EQUIPMENT RENTALS, Inc., a Florida corporation, Appellee.
No. 58-7.
District Court of Appeal of Florida. Third District.
September 25, 1958.
Rehearing Denied October 29, 1958.
Krystow & Johnson, Miami, for appellant.
Dixon, DeJarnette, Bradford & Williams, Miami, for appellee.
PEARSON, Judge.
John R. Smith, an employee of the general contractor on a construction job, was injured when a concrete bucket fell from a crane and broke the scaffold upon which he was working. The crane was being operated by an employee of the appellee, Poston Equipment Rentals, Inc. A helper or flagman, also an employee of Poston, was directing the movements of the crane. Smith, as plaintiff, filed a complaint claiming damages from Poston. The trial judge entered a final summary judgment for the defendant, Poston, and this appeal followed.
The pleadings, depositions and admissions on file, together with the affidavit of the defendant established the following factual basis for the summary final judgment. The general contractor, who was not a party to the cause, in order to facilitate the pouring of concrete to fill certain forms on the construction job, rented from the defendant a crane with a crane operator and helper. The crane with the operator and helper was being used by the contractor as an integral part of the building operation. The process followed was that the bucket attached to the crane was filled with concrete by employees of the general contractor *579 and then the crane lifted the filled bucket and lowered it over the column and concrete poured into the forms. The plaintiff was on scaffolding near the column being poured. It is not clear from the record what the plaintiff was doing but he was by trade a carpenter and he was engaged in the construction of the building of which the poured concrete column was to be a part. While the bucket was being held over the form by the crane operator, the bucket fell, striking and breaking the scaffolding and the appellant was knocked off the scaffold and injured. There is no charge that the equipment furnished by the defendant, Poston, was defective. The negligence alleged is that the defendant by its employees negligently operated the crane.
The controlling question is whether the defendant, Poston, is a third party against whom an independent action can be maintained under the Workman's Compensation Act. In this connection it is necessary to refer to section 440.10(1) Fla. Stat., F.S.A., which is a portion of the Workman's Compensation Law, and reads as follows:
"Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees of the compensation payable under §§ 440.13, 440.15 and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment."
Further, section 440.11, Fla. Stat., F.S.A., makes workman's compensation the exclusive remedy in such cases.
The appellant urges that in order to apply section 440.11, supra, and thereupon find that workman's compensation was the exclusive remedy, the trial judge was required to find that Poston, who lent the men and equipment, was a subcontractor under section 440.10(1), supra. We do not think that such a finding is a necessary step to affirm the order of the trial judge. If the men, who were lent as a part of the rental contract, were actually engaged in the construction process and under the direction of the general contractor, they were, for the purposes of this action statutory fellow servants under a "common employer", who was liable to secure the payment of workman's compensation for all of them. Miami Roofing & Sheet Metal Co. v. Kindt, Fla. 1950, 48 So.2d 840.
A somewhat similar question was decided by the Supreme Court in the case of Goldstein v. Acme Concrete Corporation, Fla. 1958, 103 So.2d 202. In that case Acme Concrete Corporation was held to be a materialman and not a subcontractor. As such it did not come within the rule which restricts an employee of the general contractor to the provisions of the Workman's Compensation Act for injuries received as a result of the negligence of the employees of the general contractor or other subcontractors. The court set forth that the sole responsibility of Acme Concrete was to deliver the ready mixed concrete to the job site and put it where the general contractor directed. Under this arrangement the defendant in that cause was in the same position as if it had been delivering concrete blocks or other similar material. Since the general contractor was not required to secure the payment of workman's compensation for the employees of the materialman, therefore, such materialman did not come within the exemption from liability provided by the Workman's Compensation Act.
The case now before us does not come within the holding of Goldstein v. Acme Concrete Corporation, supra, because in the case we now consider, the crane and operator *580 were being used by the contractor to pour and place concrete. The defendant, Poston, had not supplied the concrete, and the work of the crane operator and his helper were as much a part of the construction operation under the general contractor as though the mixed concrete were being transported by wheelbarrow.
The question to be decided in this case is different from that decided in the case of Jones v. Florida Power Corp., Fla. 1954, 72 So.2d 285, where the common law action was by the employee of one independent contractor against the owner of the project for negligence of an employee of a separate independent contractor. The Court held that since there was no "common employer" section 440.11, supra, did not apply. It will be observed that while the two employees were working on the same general project, the owner was not a "contractor" within the meaning of the Workman's Compensation Act since the Act contemplates that there must be a contractual obligation on the part of the contractor on any portion he sublets to another. The general contractor in the instant case had a contractual obligation for a portion of which he hired equipment and men from the defendant.
The appellant likewise directs our attention to Frantz v. McBee Company, Fla. 1955, 77 So.2d 796, 800, which was a common law action by an employee against a fellow employee for an injury arising out of the negligence of the fellow employee. The basis of the decision was the holding, "* * * that a coemployee or fellow servant is a `third party tort-feasor' within the meaning of our Workman's Compensation Act." Our question in the instant case is whether one who rents to another equipment and men for the performance of work is a "third party tort feasor" when the machinery is negligently operated.
In the last cited case the Supreme Court of Florida reaffirmed the statement of law contained in Younger v. Giller Contracting Co., Inc., 143 Fla. 335, 196 So. 690, 693, that "The intention of the legislature in amending section 10(a) [section 440.10(1) Fla. Stat., F.S.A.] was to abrogate the common law to the extent of making all of the employees engaged in a common enterprise statutory fellow servants. * * *" Inasmuch as the plaintiff, an employee of the general contractor, was a fellow servant of the employees of the defendant, lessor of the equipment, the general contractor was liable to secure the payment of compensation to the plaintiff and to the plaintiff's fellow servants, the crane operator and the flagman. They were all "employees of such contractor * * * engaged on such contract work * * *." The general contractor secured the payment of compensation and therefore immunity from suit. The immunity from suit inured to the defendant who was his lessor.
Affirmed.
CARROLL, CHAS., C.J., and HORTON, J., concur.