ALLEN, Chief Judge.
The appellant, as plaintiff in the lower court, filed a complaint against the appel-lee-defendant, an independent subcontractor under plaintiff’s employer, seeking damages for injuries received as a result of falling through roof decking furnished and installed by the defendant. The roof decking, known as Insulrock, was being installed in sheet form, 36"x96" and approximately 3" thick. While the plaintiff was standing on a sheet of this Insulrock it collapsed causing plaintiff to fall from the one-story roof to the ground. The theory of the complaint was in negligence and on the warranty by defendant to plaintiff that the roof decking would support him. The amended answer and defense by the defendant was that plaintiff, as an employee of the general contractor, is barred from bringing an action against the defendant, as subcontractor, by the exclusive remedy provisions of the Florida Workmen’s Compensation Law, F.S.A. § 440.01 et seq.
*575 The defendant filed a motion for summary judgment based on the above defense and supported by the affidavit of the deputy commissioner which showed that the plaintiff had received workmen’s compensation benefits for the subject injury. The plaintiff filed his opposing affidavit which stated that he was not in any manner of speaking an employee of the defendant and therefore was not barred from suing the defendant as a third-party tortfeasor.
The lower court, after considering the pleadings, affidavits and arguments of the parties, entered summary judgment in favor of the defendant on the ground that plaintiff’s claim was barred by the provisions of the Florida Workmen’s Compensation Law.
The plaintiff was employed as a carpenter by E. M. Scott, the general contractor in charge of building an addition to television station WTVT in Tampa. The defendant was employed by the general contractor as a subcontractor to furnish and install a roof-deck consisting of Insulrock slabs clamped down to steel supports. While plaintiff was standing on a slab of this Insulrock performing duties for his employer, the slab collapsed thereby causing plaintiff to fall through the roof onto the ground.
The plaintiff was not employed by the defendant, received no pay from defendant, was under no dominion or control of the defendant, nor could he be fired by the defendant. The plaintiff did file a claim for and received workmen’s compensation benefits from the general contractor’s carrier which included both medical treatment and compensation payments.
The question involved may be tersely stated as follows:
May an employee of a general contractor sue a subcontractor for negligence where the employee had applied for and accepted compensation ?
The lower court held that such employee was barred by the exclusive remedy provision of the Florida Workmen’s Compensation Law. We concur in the decision of the lower court.
This court held in the case of Arthur J. Collins & Son, Inc. v. Knight, Fla.App. 1960, 117 So.2d 740, 741, that a duty devolved on the general contractor and not on a subcontractor to secure employee of subcontractor’s subcontractor by workmen’s compensation insurance or be primarily liable under the Workmen’s Compensation Act for compensation claim of employee of subcontractor’s subcontractor. In this case we said:
“Section 440.10(1), Florida Statutes, 1957, F.S.A., provides:
“ ‘Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees of the compensation payable under §§ 440.13, 440.15 and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.’
******
“It is manifest that the purpose of Section 440.10(1) is to protect employees of irresponsible and uninsured subcontractors by imposing ultimate liability on the general contractor who has it within his power to insist upon adequate compensation protection for employees of his subcontractors. The Supreme Court of Florida in Younger v. Giller Contracting Co., 143 Fla. 335, 196 So. 690, held that Florida Statutes, *576 Section 440.10(1) F.S.A., imposes a statutory liability on the general contractor where the subcontractor has failed to secure adequate compensation coverage and that the general contractor is the statutory employer of all employees engaged. The Younger case was cited in Brickley v. Gulf Coast Construction Co., 153 Fla. 216, 14 So.2d 265, 266, by the Supreme Court in stating:
“ ‘We think that the applicable provisions of the Florida Workmen’s Compensation Law make it entirely clear that all workmen engaged in the same contract work are deemed to be employed in one and the same business or establishment, and, without regard to whether they are employed by the general contractor, or by a sub-contractor under him, are to be considered for compensation purposes as the employees of the general contractor. * * * >»
In the case of Miami Roofing & Sheet Metal Co. v. Kindt, Fla.1950, 48 So.2d 840, 843, the Court said:
“ * * * It will be noted that it is not specifically provided that the liability of the contractor shall exist whether or not the subcontractor has the status of ‘independent contractor.’ But we think it is fair to assume that such was the legislative intent, as any other interpretation would result in inequalities among the workmen on the same job, all of whom are, in fact, engaged in fulfilling the general contractor’s contract work, even though some of the workmen are responsible, insofar as the method of accomplishing the work is concerned, only to their own immediate employer. The interpretation contended for by plaintiff would also enable a general contractor to escape liability under the Act by doing through independent contractors what i't would otherwise do through direct employees. See Smith v. Grace, 237 Mo.App. 91, 159 S.W.2d 383, 389; Madison Entertainment Corp. v. Kleinheinz, 211 Wis. 459, 248 N.W. 415.”
In Younger v. Giller Contracting Co., 143 Fla. 335, 196 So. 690, 692, the Supreme Court of Florida held that an employee of a general contractor could not maintain a tort action against the subcontractor for injuries caused by one of his employees. The Court, in its opinion, said:
“In the absence of statutory regulation, plaintiff Younger, employee of the general contractor, would have a tort action against the subcontractor for negligent injuries. It is our duty to determine in what measure if any the Workman’s Compensation Act has changed this common-law liability.
“Section 10(a) of the Workman’s Compensation Act, as amended by Chapter 18413, Acts of 1937, is, in part, as follows: ‘In case a contractor sublets any part or parts of his contract work to a sub-contractor or sub-contractors, all of the employees of such contractor and * * * sub-contractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor * * * shall secure the payment of compensation to all such employees, except to employees of a sub-contractor who has secured such payment.’
“This section of the act imposes a statutory liability on the general contractor where the subcontractor has failed to secure the payment of compensation to his employees, and the general contractor is the statutory employer of all employees engaged in the common enterprise.”
See also Goldstein v. Acme Concrete Corp., Fla.1958, 103 So.2d 202, and Smith v. Poston Equipment Rentals, Inc., Fla.App. 1958, 105 So.2d 578.
It is argued by the appellant that the decision in Younger v. Giller Contracting *577 Company, supra, has, in effect, been nullified by changes in the Workmen’s Compensation Act and, therefore, it is no longer controlling on the question involved in this case. We do not so find nor do we find that the Supreme Court has departed from the holding of the Younger v. Giller Contracting Company case.
The appellant also argues that the construction placed by the trial court on the Workmen’s Compensation Act renders it unconstitutional. This matter was not timely raised in the lower court and we do not, therefore, believe it is necessary to discuss this or other questions raised by the appel-ant.
Finding no error in the record, we affirm the lower court.
Affirmed.
KANNER, J., and SAULS, RICHARD M., Associate Judge, concur.