KANNER, Judge.
As the result of a negligence action, the court below rendered a summary final judgment in favor of the defendants. Plaintiff seeks review of this final judgment. A prior appeal prematurely taken from an interlocutory order was dismissed by this court; see Stone v. Buckley, Fla. App.1960, 119 So.2d 298. The trial court’s ruling was predicated upon a defense that the exclusiveness of liability provision of the workmen’s compensation act precludes the action of plaintiff against defendant subcontractors as third party tort feasors.
The facts, stipulated to by both parties, reveal that defendants are partners in a business known as “Buckley’s Crane Service.” Plaintiff was employed by them to aid in installing and erecting two heater tanks upon property belonging to the Texas Company in Tampa, Florida. Defendants entered into a subcontract with O. L. Olsen Company, the general contractor responsible for certain construction on the property of the Texas Company. Plaintiff was injured on the day he was hired, February 24, 1956, when the cable attaching the *614 swivel, shackle, and hook to defendants’ crane boom parted while being used to install the heater tanks.
Prior to the date of plaintiff’s injury, defendants had only two regular employees. On that date, they had hired plaintiff and ■one more worker at the special request of the general contractor for 'the express purpose of performing duties pertaining to installing and erecting the heater tanks. Under the contract between the Texas Company and the general contractor, workmen’s compensation coverage for employees of the general contractor, any subcontractors, and anyone directly or indirectly employed by them was to be maintained by the general contractor; and the contractor further agreed that he was “ * * * fully responsible to the owner for the acts and work of his sub-contractors and of persons either directly, or indirectly, employed by them.” Defendants had not secured workmen’s compensation insurance coverage. However, their attorney, when plaintiff was injured, immediately informed the general contractor of the injury and of the fact that defendants were not covered by workmen’s compensation insurance. The general contractor’s carrier thereupon paid workmen’s compensation benefits to plaintiff.
The trial court stated the issue as being “ * * * whether or not an employee of a sub-contractor when injured by the misconduct of a fellow employee of said subcontractor can sue said sub-contractor as a third party tort-feasor within the meaning of the Workmen’s Compensation Act where said injured employee has elected to receive and has been paid workmen’s compensation benefits (furnished by the prime contractor) under Chapter 440, Florida Statutes.”
Applicable to the present appeal is section 440.10(1), Florida statutes, F.S.A., which specifically provides in part:
“ * * * In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.”
Liability of an employer as prescribed by the above quoted provision is specified in section 440.11 as exclusive and in place of all other liability of such employer to the employee, except that, if an employer fails to secure payment of compensation, an injured employee may elect to claim compensation or to maintain an action at law for damages.
Plaintiff insists that the subcontractors were third party tort feasors and that the quoted provisions of section 440.10(1) together with section 440.11 should be interpreted so as to confine to the general contractor the statutory immunity from a common law action. He urges that, since this is an action against subcontractors as the employers rather than against the general contractor and since the subcontractor employers had failed to secure workmen’s compensation insurance coverage, then the payment of workmen’s compensation benefits by the general contractor to plaintiff employee and acceptance by him of those benefits cannot operate as a bar to a suit at common law against defendant subcontractors.
The Florida Supreme Court, in Younger v. Giller Contracting Co., 1940, 143 Fla. 335, 196 So. 690, 693, ruled that an employee of a general contractor could not maintain an action against a subcontractor for injuries negligently caused by one of his employees. The court determined that a general contractor is a statutory employer of all employees engaged in a common enterprise, including those of the subcontractor. It was thus held that the immunity of the general contractor is extended to the subcontractor. The court then said, “ * * * It is not in *615 accordance with the controlling principles of workman’s compensation that of two men working shoulder to shoulder, one, being the employee of the general contractor, should be entitled to more benefits and greater advantages than the other.” All employees working upon a construction project, whether hired by the general contractor or the subcontractor, were deemed to be upon an equal footing.
This basic principal of equality of rights for all employees under the workmen’s compensation act was reiterated in Brickley v. Gulf Coast Const. Co., 1943, 153 Fla. 216, 14 So.2d 265, wherein the court stated that all workmen engaged in the same contract work were deemed to be employed in one and the same business or establishment, regardless of whether they are employed by the general contractor or a subcontractor and that for compensation purposes they are to be regarded as employees of the general contractor. The court declared that if payment under the workmen’s compensation act is effectuated by the general contractor, either directly or through the subcontractor, a recovery for injury or death arising out of or in the course of its contract is exclusively under the workmen’s compensation law. See also Vanlandingham v. Florida Power & Light Co., 1944, 154 Fla. 628, 18 So.2d 678. In the case of Miami Roofing & Sheet Metal Co. v. Kindt, Fla., 1950, 48 So.2d 840, it was decided that where injuries sustained by an employee of a subcontractor involve negligence of employees of another subcontractor under the same general contractor, the remedy under the workmen’s compensation act is exclusive, since such employees, whether employed by a subcontractor or the general contractor, are deemed to be statutory fellow servants.
A 1958 decision of the third district, Smith v. Poston Equipment Rentals, Fla. App.1958, 105 So.2d 578, was a case involving a crane with crane operator and helper which were hired by the general contractor and were being used by the contractor to facilitate pouring of concrete as an integral part of the building operation. The bucket fell from the crane, allegedly because of negligent operation of the crane, and injured an employee of the contractor as well as the crane operator and helper. The employee of the general contractor sued the owner of the crane for injuries sustained. The court found that the injured contractor’s employee and the injured crane operator and helper were statutory fellow servants, that the general contractor was liable to secure payment of workmen’s compensation to all three, and that by securing payment he secured immunity from suit which inured to the benefit of his lessor, the crane owner. Thus the crane owner, within the workmen’s compensation act, was held not to be a third party tort feasor against whom an independent action could be maintained. From the second district, an opinion by Judge Allen in the case of Slack v. Acousti Engineering Company of Florida, Fla.App.1960, 122 So.2d 574, dealt with an employee of a general contractor who had accepted from the general contractor benefits under workmen’s compensation for injuries alleged to have been caused by defendant subcontractor. Plaintiff was precluded from recovering from the subcontractor by reason of the exclusive provision of the workmen’s compensation law. Certiorari was denied without opinion in Fla., 127 So.2d 679.
We may observe that the manifest purpose of section 440.10(1) is to afford protection to emplees of irresponsible and uninsured subcontractors by imposing ultimate liability on the general contractor, who has it within his power to insist upon adequate compensation protection for employees of his subcontractors. Fidelity Const. Co. v. Arthur J. Collins & Son, Inc., Fla.1961, 130 So.2d 612.
From the cited cases, as well as from the language of section 440.10(1), it is seen that all workers employed by the general contractor as well as by his subcontractors are deemed to be common employees or statutory fellow servants and *616 that the contractor is liable for and shall secare payment of compensation to all such employees except to employees of a subcontractor who has secured the payment. Plaintiff, therefore, is entitled only to .rights and status equal to those enjoyed by his fellow workmen, since all are common employees engaged in a common enterprise.
Plaintiff’s other contentions have been considered but we do not find any reversible error.
Affirmed.
ALLEN, Acting C. J., and GERALD, LYNN, Associate Judge, concur.