## ZENCHAK v. RYDER TRUCK RENTALS, Inc.

No. 61-L-2443.

Circuit Court, Dade County.

May 23, 1962.

Green & Hastings, Miami, for plaintiff.

Fowler, White, Gillen, Humkey & Trenam, Miami, for defendant.

PHILLIP GOLDMAN, Circuit Judge.

This is an action for personal injuries brought against the defendant Ryder Truck Rentals, Inc., as an alleged third party tort-feasor. The matter is presently before the court on the defendant's motion for summary judgment.

There is no dispute as to the material facts. The plaintiff was injured on the job as a result of the alleged negligent operation of a leased vehicle by one of the plaintiff's fellow employees. The defendant's sole involvement in the accident, is that it leased the vehicle in question to plaintiff's employer. As previously noted, the operator of the leased vehicle was not an employee of the defendant. He was in fact a fellow servant of the plaintiff. It is conceded that the defendant's lessor's alleged responsibility is solely of a vicarious nature and is premised upon the Dangerous Instrumentality Rule.

Stripped of excess verbiage the pivotal question here is whether or not the defendant Ryder is a third party against whom an independent action can be maintained under the Workmen's Compensation Act, Chapter 440, Florida Statutes.

In the court's judgment this question must be resolved in the negative. The case of Smith v. Poston Equipment Rentals, Inc., Fla.App. (1958), 105 So.2d 578, expressly controls, as does the case of City of Mount Dora v. Voorhees, Fla.App. (1959), 115 So.2d 586, certiorari denied 119 So.2d 293, by necessary implication.

Actually, the case at bar would seem to be even stronger than the Smith case, supra. This is so because in the Smith case, the operator of the leased vehicle was an employee of the defendant-lessor, which is not true here. In addition in the Smith case, the court was required to develop a theory by which the injured party and the operator of the vehicle in question were "statutory fellow servants" as a premise to the result reached; whereas in the in-

stant case the injured plaintiff and the operator of the vehicle in question were in fact fellow servants under a common employer.

As previously noted the City of Mount Dora case, supra, by necessary implication, is equally controlling.

In that case by reversing and ordering that judgment be entered for the city, the appellate court would not permit responsibility for the damages suffered by the plaintiff on the job to rest upon the city as the mere owner[1] of the vehicle which gave rise to the accident there involved.

In the face of these authorities the court reluctantly concludes that the defendant is entitled to judgment as a matter of law. The premises considered it is accordingly ordered and adjudged as follows — (1) Defendant's motion for summary judgment be and the same is hereby granted. (2) Final judgment be, and it is hereby, entered in favor of the defendant and against the plaintiff and the plaintiff shall take nothing by his plaint and the defendant shall go hence without day. (3) Costs to be hereinafter taxed against the plaintiff.

---

[1] In that case the city's involvement additionally included alleged acts of negligence. However one theory of the city's liability was that advanced here: the Dangerous Instrumentality Doctrine because the city owned the vehicle. It was rejected.