ALLEN, Acting Chief Judge.
The plaintiff, Donald Edwards, appeals a summary judgment entered against him by the court below.
The defendant was a subcontractor under the general contractor, which firm employed plaintiff Edwards. The plaintiff was assisting in the dismantling of a scaffold, which had been erected by the defendant-subcontractor, when one of the planks fell and the plaintiff was injured.
The trial court entered summary judgment, finding that the defendant was a subcontractor and was not amenable to suit because the plaintiff had received workmen’s compensation payments for his injuries.
The plaintiff contends that the defendant was personally, directly and individually negligent and that he is not suing the defendant for the defendant’s employee’s negligence, but is suing him individually as a fellow-employee. The plaintiff also contends that there was an issue of fact as to whether the defendant was negligent individually as a fellow-employee or only in his capacity as a subcontractor.
The record shows that the defendant was a subcontractor employing ten or more men; that he was the sole proprietor of the business; that he did not actively work on the job with tools or lay bricks; that he was not present when the plaintiff was injured; and that his employees erected and dismantled the scaffolding.
We conclude that the lower court was justified in determining that there was no conflict of evidence; and, that whether or not the defendant was a subcontractor and consequently immune from suit as a third party tort-feasor, was a question of law for the court.
In the case of Younger v. Giller Contracting Co., 1940, 143 Fla. 335, 196 So. 690, the Florida Supreme Court held that in order to maintain a suit against the subcontractor to recover damages for injuries to the general building contractor’s employee because of the negligence of the subcontractor’s employee, plaintiff must show that the subcontractor was “some person other than the employer” within the provision of the Workmen’s Compensation Act.
The Court, in its opinion, stated:
“The lower court entered an order sustaining the demurrer, and the recitals in the order material to a disposition of this case are, viz:
“ ‘ * * * It appears to the court that Section 10-A of the Florida Workmen’s Compensation Act, being Chapter 17481, Acts of 1935, as amended by Chapter 18413, Acts of 1937, indicates that the Legislature intended that all employees of contractors and subcontractors if injured during the process of the performance of the common work, should be deemed statutory employees under the general contractor, *499 as otherwise the words “shall he deemed to he employed in one and the same business or establishment” are meaningless. If the general contractor by reason of this statute is the employer of the workmen of the subcontractor this relationship must exist for all purposes, and therefore, the subcontractor could not be considered a “third person” within the meaning of Section 39-A, because the latter mentioned section provides that if it is determined that some person “other than the employer” is liable for the damages sustained by an employee, the damages may be recovered against such “third person”.
“ ‘It is the further opinion of the Court that it was the Legislative intention, as to the court clearly disclosed by the amendment heretofore referred to, to sweep within its provisions all claims for compensation flowing from personal injuries arising out of and in the course of employment by a common employer, and to provide for all employees, whether of a general contractor or its subcontractors, equal rights and benefits under the Act, and to give to none of these employees greater rights than others employed in the same common business or establishment might or could have pursuant to the provisions of the statute. * * * ’
* * * * 4= *
“Try as we may, we cannot but reach the same conclusion as was arrived at by the circuit judge in his recitation that the intention of the legislature as clearly disclosed by the amendment was ‘to sweep within its provisions all claims for compensation flowing from personal injuries arising out of and in the course of employment by a common employer, and to provide for all employees, whether of a general contractor or its sub-contractors, equal rights and benefits under the Act, and to give to none of these employees greater rights than others employed in the same common business or establishment might or could have pursuant to the provisions of the statute. * * * ’ ”
In the case of Jones v. Florida Power Corporation, Fla. 1954, 72 So.2d 285, the Supreme Court, in its opinion, said:
“The analogy between the facts in the Pimental case and those in the instant case is immediately apparent. Here, as there, there is nothing in the record to show that there was a ‘common employer’. We agree with the Massachusetts court that the mere fact that the plaintiff and Burns’ employee were working on the same general project does not make them employees of a ‘common employer’. The record does not show, nor is there any allegation, that the Corporation, as to the .construction job in which plaintiff was employed, was liable for and required to secure workmen’s compensation for the employees of Burns and Grinnell, as an ‘employer’ engaged in this particular construction job. And, as heretofore noted, if there was no liability as an employer under the Act, there was no immunity from suit as a third-party tort-feasor. Nor can the Corporation be considered a ‘contractor,’ (and thus the ‘statutory’ employer of Burns’ and Grinnell’s employees) within the meaning of Section 440.10 quoted supra, since the clear implication in this part of the Act is that there must be a contractor, a portion of which he sublets to another. To ‘sublet’ means to ‘under-let’, Webster’s New International Dictionary; in the context in which it is here used, the effect of subletting is to pass on to another an obligation under a contract for which the person so ‘subletting’ is primarily obligated. The Corporation, under the facts here present, had no primary obligation under a contract which it was passing on to another. It was not, then, a ‘contractor’ within the meaning of the Act.”
*500 The appellant relies upon the case of Cromer v. Thomas, Fla.App.1960, 124 So.2d 36, in which the Third District Court, in an opinion by Judge Carroll, said:
“The plaintiff, as an employee of the ■City of Miami Beach, was entitled to workmen’s compensation benefits. 'Thomas was under contract with the -city to supply his crane and an operator ■(himself) for use on the job. The city ■did not have a general contractor. The ■determinative question here is whether, under the circumstances presented, the plaintiff could sue the crane owner-■operator for damages for his personal injuries. We hold that he could, and, therefore, that the able trial judge was in error in concluding the action would not lie.
“Where construction is undertaken without a general contractor, and independent contractors are engaged to perform portions of the work, an employee of one such independent contractor, if injured in the course of such work by another independent contractor or by his employee, may bring suit .-against the latter independent contractor, under the authority of Jones v. Fla. Power Corp., Fla.1954, 72 So.2d 285. A difference between the Jones case and the present case is that here the injured plaintiff was not employed by an independent contractor but was working on the job as an employee of the city. The factual difference is not material, and Jones v. Fla. Power Corp., supra, is applicable.
“Smith v. Poston Equipment Rentals, Fla.App. 1958, 105 So.2d 578, is distinguishable because in that case there was a general contractor. There the existence of the general contractor prevented suit because of the operation of the Workmen’s Compensation Law, Ch. 440, Fla.Stat, F.S.A., where the general contractor’s employee sued the owner of the crane who was an independent contractor, for an act of negligence of an employee of such independent contractor.
“The present suit was against an independent contractor crane-owner engaged in an integral part of the work, but the injury was alleged to have been caused by him while operating the crane, and not by one of his employees. Therefore, the independent contractor himself, and the owner’s employee whom he allegedly injured, were co-employees or fellow servants under Smith v. Poston Equipment Rentals, supra, and an action would lie against Thomas on the additional theory of suit by one employee against a co-employee. See Frantz v. McBee Company, Fla. 1955, 77 So.2d 796.”
It will be observed that in the Cromer case Judge Carroll pointed out that the Smith v. Poston Equipment Rentals case, supra, “is distinguishable because in that case there was a general contractor.” Footnote 2 in the Cromer case states:
“As to the significance of the absence of a general contractor, see Younger v. Giller Contracting Co., 143 Fla. 335, 196 So. 690; Jones v. Fla. Power Corp., Fla.1954, 72 So.2d 285.”
In the instant case the plaintiff was employed by the general contractor and the defendant was a subcontractor.
We affirm the lower court.
SHANNON and WHITE, JJ., concur.