SHANNON, Acting Chief Judge.
The appellant-plaintiff brought suit against the appellee-defendant, Rudy’s Stone Co., Inc., and also against Joseph Mauzon, an employee of Rudy’s Stone Co., Inc. From the final judgment dismissing his complaint with prejudice as against Rudy’s Stone Co., Inc., the plaintiff appeals. The original defendant, Joseph Mauzon, is not a party to this appeal.
In the appellant’s brief the relevant facts are summarized as follows :
“The Plaintiff was a laborer for a general contractor which was constructing an apartment building. There is no question but that the Defendant (a) was a subcontractor; (b) was not a materialman, but actively engaged in stone work upon the building; and (c) had secured workmen’s compensation for its own employees.
“The Defendant’s employee, Mau-zon, was working on the second floor of the building and dropped a five gallon bucket, containing mortar, on the head of the Plaintiff while the Plaintiff was walking upon the ground floor of the building in an entranceway.”
The plaintiff notified his employer’s workmen’s compensation carrier that he desired to sue the parties and hence filed no claim for compensation.
The trial court entered a final judgment on Rudy’s Stone Co., Inc.’s, motion to dismiss.
The plaintiff poses two questions: 1) “Can an injured laborer employed by a general contractor sue a subcontractor for the negligence of the latter’s employee when the plaintiff has accepted no workmen’s compensation benefits and the defendant has provided workmen’s compensation for its employees ? ” and 2) “Are Sections 440.10 and 440.11, Florida Statutes Annotated [F.S.A.], unconstitutional, if the interpretation given them by Younger v. Giller Contracting Co., 1940, 143 Fla. 335, 196 So. 690, is applied * * * ? ”
With reference to his first point the pertinent provisions of the Florida Workmen’s Compensation Law, Fla.Stat., Sec. 440.10, F.S.A., provide:
“(1) Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees of the compensation payable under §§ 440.13, 440-15 and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.
“(2) Compensation shall be payable irrespective of fault as a cause for the injury, except as provided in subsection (3) of § 440.09.”
Fla.Stat., Sec. 440.11, F.S.A., states, in part, as follows:
“The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee *
These provisions have frequently been interpreted by Florida appellate courts. In Younger v. Giller Contracting Co., 1940, 143 Fla. 335, 196 So. 690, the facts were almost identical to those now before us. The plaintiff had been employed by a contractor, and was injured by the alleged negligence of a subcontractor’s employees, who caused a concrete block to fall onto the plaintiff’s head. The plaintiff sued the subcontractor, who entered a demurrer to *605 the declaration. The lower court sustained the demurrer and the plaintiff appealed. The court stated the issue as follows:
“The question for a decision by this court is: May a subcontractor be sued at law in a tort action by an employee of the general contractor based upon the alleged negligence of the subcontractor’s employee, or is such tort action prohibited by the provisions of Section 10(a) of Chapter 18413, Acts of 1937, amending Section 10 of Chapter 17481, Acts of 1935 ? * * *”
The court upheld the trial judge’s finding that the subcontractor could not be sued. The rationale behind the decision was expressed by the court as follows:
“Plaintiff contends, and he is supported by authority, that inasmuch as the obligation of securing equal benefits is imposed upon the general contractor, he is immunized from common-law liability to employees injured in work on the common enterprise. With this we are in accord, but we cannot agree with plaintiff when he attempts to carry this theory one step further and say that inasmuch as no such general liability is imposed upon the subcontractor, the consequent immunity cannot be applicable to him. It is not in accordance with the controlling principles of workman’s compensation that of two men working shoulder to shoulder, one, being the employee of the general contractor, should be entitled to more benefits and greater advantages than the other.
“The intention of the legislature in amending section 10(a) was to abrogate the common law to the extent of making all of the employees engaged in a common enterprise statutory fellow servants. They were never to be considered inter se third parties as to each other or to the immediate contractual employers. All workers engaged in such common enterprise were brought within the protection of the Workmen’s Compensation Act where they might obtain equal benefits as provided by the act without the necessity of resorting to a common-law action to accomplish this result. We cannot garner any other meaning from the statute except that the employees of the subcontractor and the general contractor were to be on an equal footing.
“Try as we may, we cannot but reach the same conclusion as was arrived at by the circuit judge in his recitation that the intention of the legislature as clearly disclosed by the amendment was ‘to sweep within its provisions all claims for compensation flowing from personal injuries arising out of and in the course of employment by a common employer, and to provide for all employees, whether of a general contractor or its sub-contractors, equal rights and benefits under the Act, and to give to none of these employees greater rights than others employed in the same common business or establishment might or could have pursuant to the provisions of the statute. * * * ’ ” 143 Fla. 340, 196 So. at 693.
The Younger decision has never been reversed or overruled by our Supreme Court, and its principle has been consistently adhered to. E. g., Stone v. Buckley, Fla.App. 2, 1961, 132 So.2d 613; Slack v. Acousti Engineering Company of Florida, Fla.App. 2, 1960, 122 So.2d 574; Smith v. Poston Equipment Rentals, Inc., Fla.App. 3, 1958, 105 So.2d 578; Waters v. General Sheet Metal & Roofing, Inc., Fla.1957, 97 So.2d 17.
The appellant seeks to escape from the rulings made in these cases by showing that he made no claim for compensation from his employer. We think that has nothing to do with the issue at all. The question is — Did he have a right to make a claim for compensation? Unquestionably he did. Whether the appellee carried workmen’s *606 compensation is also immaterial in this case.
In Edwards v. Ritchie, Fla.App. 2, 1965, 173 So.2d 497, this court was presented with facts equally identical with those in the Younger case, supra, and the case now before us. In Edwards we quoted approvingly from Younger, and followed that decision. We see no reason to recede from that position now.
In his second point, raising the constitutionality of Sections 440.10 and 440.11 as interpreted by the Florida Supreme Court, the appellant has the weight of authority against him, and from our study has no law to support him. See Larson, Workmen’s Compensation Law, Vol. I, Sec. 5.20, and 58 Am.Jur., Workmen’s Compensation, Secs. 13 to 25. Certainly the sections which we are called upon to interpret have over the years been held constitutional by the various courts.
Affirmed.
ANDREWS, J., and WILLSON, JESSE LL, Associate Judge concur.