BARNS, PAUL D., Associate Judge
(dissenting).
This is an appeal by the plaintiff from a final summary judgment entered against him on motion of the defendant after the •defendant had answered. The defendant’s motion for summary judgment was heard ■on the pleadings, plaintiff’s deposition taken by the defendant, and the defendant’s answers to written interrogatories submitted hy the plaintiff. I find error and would reverse.
The complaint alleges that plaintiff, while grinding the terrazzo floor of a dwelling, was injured by falling trusses; that the trusses fell by reason of their negligent installation by the defendant, a “fellow -servant”.
The uncontroverted facts appear to be that the plaintiff, a terrazzo tile grinder, was an employee of Tropical Tile and Terrazzo Company, and that “Terrazzo” was a Subcontractor to the general contractor. The defendant, Elliott, was a carpenter by trade and was an employee or subcontractor as to H. F. Mayer (a subcontractor of the general contractor), and for his services was to receive “approximately $700.00 to $750.00, including extras on this particular house.”
The plaintiff, while grinding on Sunday, August 25th, was injured by reason of the falling of prefabricated trusses which had been installed by Elliott on the previous Friday and held in position by furring strips. The installation of the trusses were incomplete. -
By reason of his injuries, the plaintiff was awarded and is receiving benefits under the Workmen’s Compensation Law pursuant to coverage procured by his employer — “T errazzo”.
The trial court based its summary judgment against the plaintiff upon the findings “that the plaintiff was injured as a result of an industrial accident arising out of and in the course of his employment as an employee of a subcontractor upon a construction job as to which the defendant was then and there a subcontractor and as to which accident and injuries workmen’s compensation benefits were required and in fact provided by plaintiff’s employer”, and held the benefits under workmen’s compensation to be his exclusive remedy for his injury.
The holdings in the decisions in the Younger case, and adhered to in the Miami Roofing case, support the lower court’s decision, but both of these cases, have now been overruled on this point.
Younger v. Giller Contracting Co., 1940, 143 Fla. 335, 196 So. 690, was an action by an employee of the general contractor against a subcontractor for injury caused *56 by subcontractor’s employee. The general contractor was within the scope of the Workmen’s Compensation Law and the Supreme Court held: “The subcontractor is not 'some person other than the employer’ against which ‘third person’ a common-law action for damages may be maintained” as provided by the Workmen’s Compensation Law.
Miami Roofing & Sheet Metal Co. v. Kindt, Fla.1950, 48 So.2d 840, was an action by an emploj'-ee of a subcontractor against another subcontractor for injuries caused by the negligence of the defendant’s employees. Plaintiff’s employer came within the scope of the Workmen’s Compensation Law and benefits under it were paid. The Supreme Court held that plaintiff’s remedy under the Workmen’s Compensation Law was exclusive and, after citing the Younger case for authority, reversed judgment for the plaintiff.
After making note of the holdings in the Younger and the Miami Roofing cases, the Supreme Court in Frantz v. McBee Company, Fla.1955, 77 So.2d 796, stated:
“ * * * A recent decision by this court, Jones v. Florida Power Corp., Fla.1954, 72 So.2d 285, 287, charts the path which we should follow in our decision here, much more than does the dictum in the Younger case.
“In the Jones case, we held that 'It is the liability to secure compensation which gives the employer immunity from suit as a third party tort-feasor. His immunity from suit is commensurate with his liability for securing compensation — no more and no less.’ There is, of course, no liability on the part of an employee to secure compensation for a coemployee. And since there is no liability under the Act, there is no immunity from suit under the Act. * * * ”
The court in the Frantz case observed that the Workmen’s Compensation Law, Sec. 440.11, Florida Statutes, F.S.A., restricted the liability of the employer to the securing of the benefits by providing that:
“ * * * ‘The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer * * *,’ lie # * ”
The court further noted' that § 440.39(1)-expressly preserves to an injured employee-a concurrent remedy against a third party tort-feasor.
In the Frantz case there was privity of Workmen’s Compensation coverage requirements as between the plaintiff’s decedent and McBee Company (the employer of the decedent and the codefendant Finley), and the court affirmed the dismissal as to McBee, but reversed the dismissal' as to the defendant Finley (a fellow-servant of the plaintiff’s decedent) and held him-to be a third party tort-feasor since there was no workmen’s compensation coverage requirement as between fellow servants. The immunity of the employer is not extended to fellow servants.
Citing the Younger and Miami Roofing cases for authority, 2 Larson’s Workmen’s. Compensation Law, p. 177 § 72.32, states :
“When * * * an employee of the general contractor (or the general contractor himself as subrogee) sues the subcontractor in negligence, the great majority of jurisdictions have held that the subcontractor is a third party-amenable to suit.
“The issues involved can best be indicated by tracing the evolution of the-minority contra rule, adhered to by Massachusetts and Florida, holding both that the employee of the general contractor can not sue a sub-contractor, and that an employee of one subcontractor is barred from suing another subcontractor on the same job.”
By reason of the Frantz decision, the-rule of law followed in the Younger and. Miami Roofing cases is no longer applica *57 ■ble. A fellow servant or a subcontractor may be liable as a third party tort-feasor ■in the absence of workmen’s compensation coverage requirements as between either -of them and the plaintiff. Florida now follows the majority rule as was recognized in the cases of Martin v. Theockary, 5 Cir., 1955, 220 F.2d 990, and Allman v. Hanley, 5 Cir., 1962, 302 F.2d 559.
I would reverse.