In this case the plaintiff in error sued the defendant in error for the wrongful death of her husband. The evidence shows that the deceased came to his death by coming into contact with wires charged with electricity and owned and operated by the defendant in error, who will hereinafter be called the defendant. The defendant furnished electricity to the home of a man by the name of Johnson. The transformer was on a pole set up on the Johnson property near a pump house. Electrical power was transmitted to operate the pump and for other purposes. The pump house was surrounded by a dense growth of bamboo and probably other semi-tropical plants. A storm occurred on the 15th and 16th days of September, 1928, which blew down the post to which the transformer *Page 92 
was attached and put down the wires around the pump house. The current was cut off.
The deceased went to the pump house on the 20th of September, at which time the workmen of the defendant were engaged in repairing the damage to the power lines of the defendant on the Johnson premises. At that time there was no current on the wires down around the pump house. On the 21st the deceased was again sent to the pump house on some mission and later his body was found near the door of the pump house then in contact with live wires of the defendant which had remained down and which had been charged while down with electricity sufficient to cause the death of a person coming in contact with them.
Amongst other things, there was a plea of contributory negligence.
The evidence is entirely sufficient to establish the fact that the deceased came to his death by coming into contact with the wires of the defendant charged by the defendant with an electrical current sufficient to cause death and that such wires had been carelessly and negligently left by the defendant, or its agents and servants, in such condition.
There is no substantial evidence in the record showing contributory negligence on the part of the deceased.
The deceased having on one day seen the wires down about the pump house and having seen the servants and agents of the defendant owner working on the power lines on the Johnson premises, and knowing that at the time the power was cut off and unconnected with the dangerous wires about the pump house, had substantial reason to assume that the defendant would not turn the current on to those wires while they remained in that dangerous condition and without having taken reasonable precaution to protect those whose duties might call them to go into and about the pump house. *Page 93 
Several assignments of error are based upon charges of the court which charges assume that there has been substantial evidence to support the plea of contributory negligence.
These charges, assuming a question of contributory negligence to be determined by the jury were erroneous, because where there is a plea of contributory negligence and the evidence fails to show substantial contributory negligence on the part of the person injured, or one for whose action he stands responsible, a charge by the court as to the effect of contributory negligence should not be given.
It is contended that because the deceased ran the pump and watered a lawn that he must have known that the line with which he came in contact was charged with electricity. We think this assumption is not well founded because he had a right to assume that the defendant had not left its charged wires in such condition as to be a death trap and, as we read the evidence, there is no proof that the deceased did not use ordinary care and prudence.
In Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. R. 433, this Court Say:
 "Because of the general instinct of self preservation which generally prompts men to exercise care and caution for their safety, there is ordinarily a presumption that due care and caution were observed in particular instances. But like other presumptions of fact arising from the ordinary or usual as distinguished from the invariable or universal conduct of normal men, this presumption may be rebutted and does not exist where it is incompatible with the duly proven conduct of the person in particular circumstances."
Inasmuch as it appears to us that the defendant failed to support its plea of contributory negligence by any substantial *Page 94 
evidence the charges by the court instructing the jury as to the effect of contributory negligence upon the rights of parties were erroneously given and the judgment should be reversed. It is so ordered.
Reversed.
WHITFIELD, P. J., AND STRUM, J., concur.
TERRELL, C. J., AND ELLIS, J., concur in the opinion and judgment.