S. A. TILLMAN, *Plaintiff in Error*, VS. G. F. LODGE, *Defendant in Error.*

135 So. 524.

Division B.

Opinion filed June 26, 1931.

*Davis & Pepper*, of Perry, for Plaintiff in Error;

*R. H. Rowe*, of Madison, for Defendant in Error.

PER CURIAM.—This case should be reversed on the authority of Jackson Bros. Lumber Co. v. Yaeger & McCaskill, 80 Fla. 611, 86 So. 500, where it was said:

"Where a verdict is a proper one on a fair consideration of the evidence and no rule of law or procedure has been violated to the material injury of either party, a new trial should not be granted."

The court below granted a new trial unless plaintiff would enter a remittitur in this case, solely on the ground, as was stated in the order appealed from, that the Court had erred in "not sustaining the objections of defendant" to certain evidence. But not a single ground of the motion for a new trial complained of the admission of any evidence over objection.

The fact that the court granted the new trial only on condition that a remittitur should not be entered by plaintiff of $2,000.00 of the verdict recovered, implies on its face that the court denied the motion on all grounds other than that of the sufficiency of the evidence to warrant the amount of the verdict which was $3,146.19.

The declaration set up a cause of action based on an express promise which warranted the verdict returned, if the evidence established it. The evidence sustains a finding that a part of the indivisible promise sued on was

to pay to plaintiff (not the outside creditors of plaintiff) the sum of $2,000.00 on certain accounts as a part of the consideration moving to the plaintiff in the transaction. The issue was the making of the promise and its breach. The Court in legal effect sustained the finding of the jury as to the making of such a promise as that sued on by allowing the verdict to stand for $1,146.19. Burden of proof of any payment on the claim which would reduce the full amount of the claim—$3,146.19, was on defendant, who did not testify to payment of this disputed item but denied that he made any such promise as to the $2,000.00 in question. In short, the plaintiff's testimony was to the effect that he made no such promise as that sued on, but a different one  This was another way of testifying that he did not promise *as alleged*.

One of the pleas averred that defendant had paid "all that he was due and owing plaintiff at the time of the institution of this suit other than the sum of $706.10 which he stands ready, able and willing to pay plaintiff." As we have pointed out, the burden of proving this plea was on defendant since it admitted the propriety of plaintiff's claim but undertook to confess and avoid it in part.

The Circuit Judge recited that error was committed by him in not sustaining the objections of the defendant to testimony offered relative to the amounts alleged to be due by plaintiff to certain of his creditors, because the evidence tended only to show proximate and not definite indebtedness in that connection. But the first count of the declaration declared on an agreement by defendant that he would pay *plaintiff*, not such other parties, for certain property bought from plaintiff by paying as part of the consideration due to plaintiff, the sum of $2000.00 on the debts which plaintiff had incurred in regard to the turpentine place and location which plaintiff was selling. The alleged promise was not merely one to *indemnify* plaintiff up to $2000.00 on his outstanding ac-

counts payable, but was to pay the plaintiff himself the sum of $2000.00 as part of plaintiff's own consideration. There was therefore no error in admitting the evidence in question because it was in support of an allegation of the declaration that plaintiff's promise was an unconditional one to pay plaintiff $2000.00 on his debts whatever their actual amount was. If such was the promise, and the jury so found, it made no difference as to the amount of such debts or as to whether any debt at all was proved at the trial since plaintiff's liability was $2000.00, as a part of the purchase price, regardless of the fact that it was promised to plaintiff for a particular purpose.

If plaintiff had already paid all the debts he owed to the Quitman Cooperage Company and South Georgia Grocery Company at the time of the trial, it would not have barred his recovery of the amount of money which defendant is alleged and shown to have promised to pay as part of his agreed purchase price for what he received in return. The effect of requiring a remittitur is to sustain recovery on the theory that part, but not all, of the indivisible promise sued on was proved.

The order granting a new trial is reversed with directions to enter a judgment on the verdict unless a motion in arrest of judgment or for judgment *non obstante veredicto* shall be made and prevail. See Jackson Bros. Lumber Company v. Yaeger & McCaskill, *supra*.

Order Reversed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.