MRS. LAMIRA MURDEN v. MIAMI POULTRY & EGG CO.

152 So. 714.

Opinion Filed February 7, 1934.

*Dickinson & Dickinson, Crofton & Wilson* and *Akerman & Gray,* for Plaintiff in Error;

*George G. Herring,* for Defendant in Error.

BUFORD, J.—In this case the assignments of error and the briefs of the plaintiff in error present a number of questions which this Court is invited to consider, but we deem it unnecessary to discuss these questions because of the factual condition which is disclosed by the record.

The suit was by the widow of a gentleman who was killed as the result of a Pierce-Arrow automobile coming into collision with the rear end of a Ford truck on Dixie Highway in the early morning before daylight. The driver of the automobile was a witness for plaintiff and the driver of the truck was a witness for the defendant. There were numerous other witnesses.

The plaintiff not only failed to sustain by proof the allegations of negligence contained in the declaration, but the preponderance of evidence shows that the defendant, either by itself, its agents or its servants, was not guilty of any act of negligence which was the proximate cause of the death of plaintiff's husband.

Two charges given by the court are made the subject of the assignments of error. The first charge complained of was in the following language:

"The court charges the jury that if you are satisfied from a preponderance of the evidence that L. H. Reynolds, the driver of the automobile, and A. J. Murden (the deceased), were not engaged in a joint or common enterprise at the time of the collision of the automobile with the defendant's truck, nevertheless, it was the duty of the decedent, A. J. Murden, to use ordinary care to warn the driver of the automobile, L. H. Reynolds, of any danger or threatened danger of which the said A. J. Murden was aware, or of which he should in the exercise of ordinary care, have been aware."

The second was in the following language:

"The court charges the jury that if you are satisfied from a preponderance of the testimony that at the time of the collision and prior thereto, A. J. Murden, in the exercise of ordinary care should have known that L. H. Reynolds was driving the automobile of Marshall Motors, Inc. (the automobile in which deceased was riding) at an excessive rate of speed, then it was the duty of the decedent to warn the driver and to endeavor to persuade him from such negligent conduct, and if the decedent failed to so warn the said driver and such failure was the sole proximate cause of the death of the decedent, then the plaintiff is not entitled to recover for the death of her husband."

The first charge was erroneous because there was nothing in the record to show that there was any condition or circumstance which fixed a duty upon the deceased to warn the driver of the automobile of any danger. From all that appears in the record the deceased may have seen the truck ahead and had every right to assume that the driver of the automobile in which he was riding would safely pass the truck, observing in so doing the laws and rules of the highway.

The second charge was erroneous for the like reason. That is, that there was nothing in the record upon which to base this charge. This charge did not attempt to visit upon the decedent the negligence of the driver of the automobile, but it sought to penalize the decedent for his own negligence of which there was no proof in the record.

It appears to be a well settled rule that in the absence of evidence to the contrary the law presumes that one injured or killed under circumstances of this sort did everything a reasonably prudent man would have done under the circumstances for the protection of his own safety. See Carpenter, *et al.,* v. Achison T. & S. F. Ry. Co., 51 Cal. App. 60, 195 Pac. 1073; Baltimore P. & R. Co. v. Landrigan, 48 Law Ed. 262; Harris v. Fla. Public Service Co., 100 Fla. 90, 129 Sou. 333; Southern Express Co. v. Williamson, 66 Fla. 224, 63 Sou. 433.

In Florida Motor Lines, Inc., v. Hill, 106 Fla. 33, 137 Sou. 169, this Court said:

"Ordinary contributory negligence on the part of the driver of a motor vehicle will not be imputed to a guest or invitee, if he relies on the skill of the driver and does not attempt to impose his will on the driver to see that the machine is properly propelled."

It has also been repeatedly held that judges are not authorized or required to give charges or instruction to juries on abstract questions of law not pertinent to the case before the court and having no relation thereto. See Whitner v. Hamlin, 12 Fla. 18; Mullikin v. Harrison, *et al.,* 53 Fla. 255, 44 Sou. 426; S. A. L. Ry. Co. v. Royal Palm Soap Co., 80 Fla. 800, 86 Sou. 835.

In the case of Miller, Administrator, etc., v. Union Pacific R. R. Co., the Supreme Court of the United States in an opinion handed down December 4th, 1933, said:

"Although it was at one time ruled in England—Thorogood v. Bryan, 8 C. B. 115 (1849)—that the negligence of the driver of a vehicle is imputed to a passenger, that doctrine, much criticized and finally abandoned in England (The Bernina, 12 Pro. Div. 58) was never generally accepted in this country. Followed by a few State decisions, it was rejected by the great weight of American authority, and, after full consideration, distinctly repudiated by this court. Little v. Hackett, 116 U. S. 366. And see Union Pac. Ry. v. Lapsley, 51 Fed. 174. Whether a passenger or guest in a public or private conveyance, having no control over its movement, may be denied a right of recovery for personal injury or death on the ground of contributory negligence, depends upon his own failure to exercise a proper degree of care, and not upon that of the driver. This is true where the passenger is the wife of the driver as in other cases. Chicago R. I. & P. Ry. Co. v. Fanning, 42 F. (2nd) 799, 803. And, while the State decisions are not uniform on the subject, the Federal rule is definitely settled that the burden of proving such contributory negligence rests, in all cases, upon the defendant (Railroad Company v. Gladmon, 15 Wall. 401, 406-407; Texas & Pacific Railway v. Volk, 151 U. S. 73, 77-78; Central Vermont Ry. v. White, 238 U. S. 507, 512), although if such negligence be established by plaintiff's evidence, it hardly seems necessary to add, defendant may have the benefit of it. Washington & Georgetown R'd v. Harmon, 147 U. S., 571, 580, 581; Indianapolis, etc., R. R. Co. v. Horst, 93 U. S. 291, 298-299.

In the present case, as already appears, the burden was sustained as to the husband. It was not sustained as to the wife. As to her, there is an entire absence of evidence on the point. Whatever duty rested upon her under the

circumstances, for aught that appears to the contrary, may have been fully discharged. It properly cannot be said from anything shown by the record before us that she did not maintain a careful lookout for the train, or that, if aware of its approach, she did not warn her husband or urge him to stop before entering upon the crossing. Want of due care for her own safety must be proved; it cannot be presumed. The presumption is the other way. Texas & Pacific Railway Co. v. Gentry, 163 U. S. 353, 366; Baltimore & Potomac R. R. v. Landrigan, 191 U. S. 461, 473, .474; A. T. & S. F. Ry. Co. v. Toops, 281 U. S. 351, 356. If, as here, there be no evidence which speaks one way or the other with respect to contributory negligence of the person killed, it is presumed that there was no such negligence. Looney v. Metropolitan Railroad Co., 200 U. S. 480, 488."

It appears from a consideration of the entire record, however, that the judgment should not be reversed because of the erroneous charges because the rule is well settled that where evidence in a law case discloses no liability, there can be no recovery and a verdict for the defendant in such cases must stand. (Charlotte County v. Chadwick, 102 Fla. 163, 135 Sou. 502) and in such cases new trial should be denied. Tillman v. Lodge, 102 Fla. 229, 135 Sou. 524.

We think that under the evidence in this case verdict in favor of the defendant was a proper one and, therefore, the judgment should be affirmed. It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.

ELLIS, J., agrees to the conclusion.

ELLIS, J.—I agree to the conclusion. I do not regard discussion of the charges as necessary, as the same would not affect the result even if they were erroneous, and the discussion may lead to some confusion.