108 So.2d 620 (1959)
REDWING CARRIERS, INC., Appellant,
v.
Lewis L. HELWIG, Appellee.
No. 587.
District Court of Appeal of Florida. Second District.
January 16, 1959.
Rehearing Denied February 18, 1959.
T. Paine Kelly, Jr., of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
T. Truett Ott, of Hardee & Ott, Tampa, for appellee.
PER CURIAM.
This is an appeal from the granting of a motion for new trial to the appellee-plaintiff in a negligence suit. Appellee, plaintiff below, sued the Redwing Carriers, Inc., and charged the defendant with negligence arising out of an explosion which occurred at the loading depot of Sinclair Oil Company in Tampa on December 11, 1954. The gist of his complaint was that at the time of injury he was employed by Sinclair Refining Company with his principal employment that of a watchman, but also he assisted the other employees in filling *621 various trucks with gasoline; that the truck of the defendant was unsafe for the loading and transportation of gasoline, and that repairs consisting of welding were done to said truck a short time prior to the explosion. It was further charged that the truck had been heated to a dangerously hot temperature which created a hazardous and dangerous condition for the loading of gasoline, which hazardous and dangerous condition the defendant knew or should have known. By the second count of his complaint the plaintiff also charged that the heat from welding was contained in scum or other foreign substance, which had been allowed to remain in the compartment where the welding work was done and that the welding had left sparks in the said scum or foreign substance. The doctrine of res ipsa loquitur was not involved.
To this complaint there were filed defenses denying negligence and asserting that the plaintiff was guilty of contributory negligence.
There was another suit filed against the defendant by another plaintiff which was consolidated and tried with this case. The jury returned not guilty verdicts in both cases and both plaintiffs filed motions for new trials. The trial court denied the motion for new trial filed by one plaintiff but granted the same as to the plaintiff herein. It is from the order granting a new trial that the defendant appeals.
In his order granting the new trial the trial court stated in part:
"1. That the jury could reasonably have been confused or misled to plaintiff's injury under the evidence and instructions of the Court.
"2. That the verdict of the jury does not accord with the manifest weight of the evidence and the substantial justice of the case.
"3. That there was insufficient evidence under the pleadings and the testimony to warrant the Court in instructing the jury on contributory negligence of the plaintiff.
"4. That under the issues and the evidence, the plaintiff was entitled to have the jury instructed substantially according to his requested Instruction No. 2, which was refused by the Court at the trial.
"5. While a trial judge may be embarrassed to give a new trial due an error which he himself made, it is better to do that which, after careful consideration, he feels will come nearer insuring justice. The charge to the jury on contributory negligence evidently confused the jury and that was evidenced by the jury in its asking the questions which were asked when the jury came out after considering the case."
As required by Section 59.07, Florida Statutes 1957, F.S.A., this appeal is restricted to the grounds for new trial specified in the order.
In reviewing the case we will rule on grounds numbered 2, 3 and 5 in the trial court's order. The other grounds, in view of our decision, will necessarily be comprehended within our ruling on grounds 2, 3 and 5.
It will be noted that in ground 2 the trial court held that the verdict of the jury does not accord with the manifest weight of the evidence and the substantial justice of the case, while in ground 3 the trial court held that there was insufficient evidence to warrant the court in instructing the jury on contributory negligence, and ground 5 is a combination of this charge on contributory negligence and confusion of the jury concerning the same.
For the purpose of clarifying this opinion it will be necessary that we give a brief resume of the facts as shown by the testimony. The evidence does not pin point the time from the welding operation until the time of loading the truck with gasoline, but it was from fifty minutes *622 to one hour and forty-five minutes. The expert witnesses stated that in their opinion five minutes after welding the metal its temperature was below the minimum heat required for explosion of gasoline vapor and ten minutes later its temperature was 110 degrees Fahrenheit and fifteen minutes later its temperature had returned to normal. Keeping in mind that the experts had testified that it would be impossible to build up and maintain a temperature in the metal of a tank carrier which would meet the requirement of 800 to 1,000 degrees Fahrenheit necessary to the explosion of gasoline vapor, they also stated that it was their opinion that the explosion was due to a static spark resulting from the turbulence created in the loading of the gasoline and coinciding for an instant with the creation of a flammable or explosive mixture of gasoline vapor and air. Also in testimony, they gave as their opinion that a static spark had a temperature of 3,000 degrees Fahrenheit. It appears that the explosion from a static spark could not occur in a purged tank or in one which had previously contained an inert liquid, because gasoline vapor will not explode unless it is in a mixture of air having not less than 94% air nor more than 98 1/2% air. It was explained that this mixture could only occur from a brief period of filling a tank which was free of gasoline vapor, because otherwise the percentage of such vapor in the tank would remain much higher than the explosive range, or "too rich to ignite."
Upon the question of whether or not the defendant had proved sufficient elements of contributory negligence for that issue to go to the jury, we are satisfied that it did. The complaint, the answer and all of the evidence touching on contributory negligence has been reviewed in connection with the charges given by the trial court; hence we hold that there being sufficient evidence of the plaintiff's contributory negligence, the trial court was not in error in charging the jury as it did. Among his instructions to the jury, referring to contributory negligence, the trial judge stated:
"* * * And incidentally in connection with that, I tell you that under contributory negligence, that Mr. Bryan's contributory negligence would not bar Mr. Helwig from recovery, and Mr. Helwig's contributory negligence would not bar Mr. Bryan from recovery. In other words, the contributory negligence only bars that person who is guilty of negligence."
This instruction, after reviewing all of the instructions, could not have confused the jury.
After the jury had been out some two and a half hours the following took place in the courtroom:
"The Court: Mr. Foreman, do you think you've got any prospect of getting a verdict?
"Mr. E.C. Ernest: No sir, they can't come to any decision on the facts  there is no evidence to prove either way, whether it was a spark or 
"The Court: I tell you what I am going to do, I am going to get some rooms down at the hotel and send you down there and bring you back in the morning. It took us five days practically to try this case and somebody's got to settle it. (Thereupon there was colloquy between the Court and Juror No. 3 in regard to the latter's asthmatic condition.)
"Juror No. 1: Your Honor, is it permissible for us to have another 25 or 30 more minutes?
"The Court: Oh yes, I was going to keep you here until 11:00, anyway, but I thought if I was going to keep you overnight, I would let you get a little sleep.
"Juror No. 3: I would like to get it over and go home on account of my physical condition.
*623 "The Court: I would like to do that, too."
Within sixteen minutes the jury returned with a verdict of not guilty.
The testimony in this case, while voluminous, clearly supports the verdict for the defendant unless the court erred in charging the jury upon contributory negligence. As we stated in the beginning there were two cases tried, both with answers setting up contributory negligence. On one case the trial court denied the motion for new trial, which we presume was correct, although that case was not appealed. The instant case was quite similar to the other case except for the contributory negligence involved.
Both the plaintiff and defendant have cited numerous cases which they allege set forth the view that this court should take of the case, but the verdict of the jury does accord with the manifest weight of the evidence and the substantial justice of the case. The plaintiff was required to prove his case by a preponderance of the evidence, yet at the conclusion of all the testimony the cause of the explosion could reasonably have been that the metal had not sufficiently cooled after the welding (the plaintiff does not put much weight on this ground), or it may have been occasioned by a spark which had contaminated the scum that was in the compartment, or (from the defendant's testimony) it may have been occasioned by a static spark.
It has been long established by our Supreme Court that a jury verdict should not be set aside and a new trial granted simply because the jury's verdict does not accord with the trial court's view of the evidence and justice of the case where there is substantial evidence supporting the verdict. Labruzzo v. Atlantic Dredging & Construction Co., Fla. 1954, 73 So.2d 228; W.B. Harbeson Lumber Co. v. Anderson, 102 Fla. 731, 136 So. 557; Tillman v. Lodge, 102 Fla. 229, 135 So. 524; Charlotte County v. Chadwick, 102 Fla. 163, 135 So. 502; Triay v. Seals, 92 Fla. 310, 109 So. 427; Jackson Bros. Lumber Co. v. Yaeger & McCaskill, 80 Fla. 611, 86 So. 500; Welles v. Bryant, 68 Fla. 113, 66 So. 562. Nor should a trial judge pit his judgment against that of a jury in resolving conflicts in the evidence or in deciding between conflicting inferences in the same testimony. Martin v. Stone, Fla. 1951, 51 So.2d 33; White v. E. Levy & Sons, Fla. 1949, 40 So.2d 142; Tip Top Grocery Co. v. Wellner, 135 Fla. 518, 186 So. 219; Seaver v. Stratton, 133 Fla. 183, 183 So. 335. This court has previously so held. Grand Assembly, etc. v. New Amsterdam Casualty Co., Fla.App. 1958, 102 So.2d 842.
As was recently said by our Supreme Court in Martin v. Sussman, Fla. 1955, 82 So.2d 597, 598:
"* * * `It is error to grant a new trial when the verdict set aside is supported by the testimony appearing in the record and nothing can be accomplished except to have another jury review the cause. See Seaver v. Stratton, 133 Fla. 183, 183 So. 335.' Martin v. Stone, Fla. 1951, 51 So.2d 33, 35."
On the question of contributory negligence, it is only necessary that there be some evidence tending to show negligence on the part of the plaintiff to make this a jury question. The Supreme Court of Florida has held many times that contributory negligence is ordinarily and peculiarly a question of fact for the jury. Frash v. Sarres, Fla. 1952, 60 So.2d 924; Goldin v. Lipkind, Fla. 1950, 49 So.2d 539, 27 A.L.R.2d 816; Steele v. Independent Fish Co., 152 Fla. 739, 13 So.2d 14; Turner v. Modern Beauty Supply Co., 152 Fla. 3, 10 So.2d 488; L.B. McLeod Construction Co. v. Cooper, 101 Fla. 441, 134 So. 224; Florida East Coast R. Co. v. Lassiter, 59 Fla. 246, 52 So. 975; City of Williston v. Cribbs, Fla. 1955, 82 So.2d 150.
The evidence as to contributory negligence was weak, but in our opinion it *624 was sufficient to go to the jury and the trial court correctly charged the jury on it.
We must, therefore, hold that the order granting the motion for new trial is reversed with directions to enter a judgment on the verdict of the jury.
Reversed.
KANNER, C.J., and ALLEN and SHANNON, JJ., concur.