181 So.2d 704 (1966)
George FOULK, Appellant,
v.
Lottie D. PERKINS, Administratrix and surviving widow of Julian C. Perkins, Deceased, Appellee.
No. 5248.
District Court of Appeal of Florida. Second District.
January 12, 1966.
Henderson, Franklin, Starnes & Holt, Fort Myers, for appellant.
Smith, Carroll, Vega, Brown & Nichols, Naples, for appellee.
WILLIS, BEN C., Associate Judge.
The plaintiff, Lottie D. Perkins, the surviving widow of Julian C. Perkins, and administratrix of his estate, brought suit against the defendant Foulk to recover for the wrongful death of her husband under *705 F.S. 768.01, 768.02, F.S.A., and also for damages to the decedent's estate pursuant to F.S. 45.11, F.S.A. The action arose out of fatal injuries to Mr. Perkins from an accident involving a truck owned by the defendant and operated by his employee, whose negligence was alleged to have proximately caused the fatality. Defenses of denial of negligence and of contributory negligence and assumption of risk by decedent were asserted.
Following presentation of all the evidence, the trial judge on his own motion struck the defenses of contributory negligence and assumption of risk. He also declined to permit argument to the jury on those subjects, and refused to give requested instructions on those defenses. A jury verdict in favor of the plaintiff in both capacities in which she was suing was rendered, motion for new trial was denied, and judgment on the verdicts were entered, from which an appeal is brought to this court.
The appellant-defendant presents two points which he contends entitle him to a reversal:
(1) The action of the trial court in eliminating consideration by the jury of the defenses of contributory negligence and assumption of risk; and
(2) Because of the employment status of the decedent and the defendant's truck driver, the defendant was not a third party tort-feasor under F.S. 440.39, F.S.A., against whom the plaintiff may prosecute an action for damages.
The evidence on the pertinent facts is not in material conflict. Plaintiff's decedent was employed as a bulldozer operator for Hendry County Rock Company at a place where wet marl was being dumped from trucks owned by the defendant and operated by his employees. After the marl was dumped and when a sufficient quantity of it was accumulated, the plaintiff's decedent would bulldoze it into a pit. Hendry County Rock Company was engaged in moving this wet marl from one location it owned to another location owned by it a short distance away. It had contracted with defendant to provide two trucks and drivers to effect the transfers. At the place where the marl was located the rock company had a drag line, with an operator, which dug out the marl and loaded it on the defendant's trucks. It was then taken and dumped at the place where the plaintiff's decedent, Mr. Perkins, had the bulldozer.
On May 2, 1963, one of defendant's trucks was driven into an area near the pit and it became stuck. In attempting to pull the truck out its bumper and front end were damaged. In this disabled state the truck remained where it was while its driver and another employee of the defendant undertook to repair it.
The other truck of defendant continued to make trips hauling the wet marl, and made several deliveries while the disabled truck remained where it had become stuck. These deliveries continued until after dark. A single artificial light, probably 300 watts, was attached to a pole which was stuck in a mound of dirt 30 to 50 feet from the disabled truck.
The accident happened when defendant's driver was backing his 10-wheel truck, with blinker lights flashing, at something less than 3 miles per hour. Apparently he was aiming along a course which would have taken him to the dumping area and would have easily cleared the disabled truck, but the wet marl and general muddy state of the ground caused the truck to slip and skid off course so that its rear struck the front of the stationary truck. At this moment, defendant's other two employees were working underneath or near the front end of the disabled truck, each having a light which was pointed straight up beneath the truck near where they were working. Immediately after the collision, the driver moved his truck forward a few feet and it was then discovered that Perkins was lying badly injured between the two trucks. He died a few moments later from injuries *706 which obviously he had incurred in being struck by the truck.
Perkins had been in and around the disabled truck from time to time and would on occasion during the dumping of the marl stand nearby and even comment upon or make suggestions to the truck operators. However, at the time of the accident none of the other persons at the scene knew where he was or what he was doing, though he was known to be in the general vicinity of the disabled truck.
It is in substance contended that the factual situation was such that the jury could have inferred that the decedent was so inattentive to his own safety and otherwise contributorily negligent that the plaintiff is barred from recovery. Also it is contended that there were allowable inferences of assumption of risk by the decedent to forestall recovery.
No contention is made that the evidence failed to establish a prima facie case of negligence on the part of the defendant's truck driver which proximately caused the death of Mr. Perkins. The record shows substantial competent evidence on this issue. The problem thus presented is whether there is evidence of facts from which reasonable men could lawfully conclude that defendant's own lack of due care was a proximate contributing cause of his death.
After examining the evidence we conclude that the trial judge was not in error in ruling as he inferentially did, that there was no substantial competent evidence to support the defendant's affirmative defenses.
The evidence is clear that decedent was fatally injured by being crushed between the two trucks. There is no evidence from which it could be inferred that when he was first struck he was at any place other than at some point close to and directly in front of the disabled truck. He had a right to be there and had no reason to anticipate that the moving truck would be driven on a course to collide with the front of the stationary truck. On the contrary he had every reason to expect that he was at the one place the truck would not be driven. This would be true regardless of how noisy and illuminated the moving truck may have been. The sound of the engine and flashing of lights from the truck does not raise an inference that the decedent was alerted to the fact that the truck was off course and endangering his safety. Such circumstances would be equally indicative that the truck was on course and no threat of any kind.
It is not contributory negligence to fail to look out for danger when there is no reason to apprehend any. Berlin v. Southgate Corp., Fla.App. 1962, 142 So.2d 362; Mertz v. Krueger, Fla., 58 So.2d 160; First Federal Savings & Loan Ass'n of Miami v. Wylie, Fla., 46 So.2d 396; Dempsey-Vanderbilt Hotel v. Huisman, 153 Fla. 800, 15 So.2d 903; Sears, Roebuck & Co. v. Geiger, 123 Fla. 446, 167 So. 658; Crosby v. Donaldson, 95 Fla. 365, 116 So. 231; Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433, L.R.A. 1916C, 1208; J.G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45. The law presumes that one injured by another's negligence did everything that a reasonably prudent man would have done under the circumstances to protect his own safety. Murden v. Miami Poultry & Egg Co., 113 Fla. 870, 152 So. 714. This presumption is not overcome by mere speculative and conjectural inferences. "[A]n inference recognizable in law cannot be based upon evidence that is so uncertain or speculative as to raise merely a conjecture or possibility." Sirmons v. Pittman, Fla.App. 1962, 138 So.2d 765.
We are fully aware of the well-established rule that it is only necessary that there is some evidence tending to show negligence on the part of the plaintiff to make the question of contributory negligence one for the jury. Garris v. Robeison, Fla.App. 1962, 146 So.2d 388; Redwing Carriers, Inc. v. Helwig, Fla.App. 1959, 108 So.2d 620. However, in the case before us we find there was no evidence from which *707 the jury may have concluded that the plaintiff was guilty of contributory negligence.
The defense of assumption of risk is found to be equally unsupported by the evidence.
The action of the trial court in striking the defenses may have been a procedural error, but if it was it was harmless. The trial court properly regarded these pleaded defenses as unsubstantiated by the proofs and that jury instructions on those subjects would be unwarranted. "Charges must square with the rule of law arising from the facts developed at the trial of the case. Derived from any other source they are as apt to mislead as they are to lead the jury aright." Green v. Atlantic Co., Fla. 1952, 61 So.2d 185.
The contention that the plaintiff is barred from pursuing this cause because her decedent and the operator of defendant's truck were both statutory employees of Hendry County Rock Company, thus limiting her to Workmen's Compensation benefits, is without merit. Hendry County Rock Company was not a "contractor" and the defendant was not a "subcontractor" as those terms are used in F.S. 440.10(1), F.S.A., so as to confine the plaintiff to Workmen's Compensation benefits as provided in F.S. 440.11, F.S.A. The mere fact that plaintiff's decedent and defendant's truck driver were working on the same general project does not make them employees of a common employer, and as Hendry County Rock Company had no primary obligation under a contract with another party, a portion of which it was passing on to defendant, it was not a "contractor" who would become the statutory employer of defendant's employees. Jones v. Florida Power Corp., Fla. 1954, 72 So.2d 285. The defendant was a mere independent contractor performing services directly for Hendry County Rock Company. See also: Cromer v. Thomas, Fla.App. 1960, 124 So.2d 36 (cert. denied Fla., 135 So.2d 420); State ex rel. Auchter Company v. Luckie, Fla.App. 1962, 145 So.2d 239 (cert. denied Auchter Co. v. Luckie, Fla., 148 So.2d 278).
Under the facts in this case the defendant was a "third party tortfeasor," as that term is used in F.S. 440.39, against whom the plaintiff may bring these actions. The cases of Younger v. Giller Contracting Co., 143 Fla. 335, 196 So. 690, and Smith v. Poston Equipment Rentals, Fla.App. 1958, 105 So.2d 578, urged by the appellant in support of its contentions on this question, are not in point.
The judgment appealed from is hereby
Affirmed.
ALLEN, C.J., and LILES, J., concur.