HENDRY, Chief Judge.
This is an appeal by the plaintiff, Robert Mack, from a final summary judgment in favor of the defendant, Cook & Pruitt Masonry, Inc.
The plaintiff was employed by Coral Manor Corporation which was engaged in -the construction of an apartment building on property owned by Coral Ridge Properties, a Florida corporation. The defendant was operating under a contract with Coral Manor Corporation to furnish -masonry material and to use the material to build the respective partitions or constructions which it contracted to build. In addition, the defendant furnished a forklift machine together with an operator. The plaintiff while acting in the scope of his employment was injured as a result of the alleged negligence of the operator of the forklift. Plaintiff received benefits under Chapter 440, Fla. Stat., F.S.A., the Workmen’s Compensation Law. He subsequently brought this suit in the circuit court charging the defendant as third party tortfeasor with negligence which proximately caused his injuries. The lower court, relying upon the pleadings and depositions found that there was no genuine issue of a material fact and granted defendant’s motion for a summary judgment.
The appellant contends that the facts are in dispute as to whether his employer is a general contractor or, in fact, an owner-builder. If the latter, the plaintiff asserts that he is not barred from recovery under §§ 440.10 and 440.11, Fla.Stat., F.S.A.
The appellant’s contention is based upon the fact that Coral Manor Corporation is owned by Coral Ridge Properties, a corporation which owns the property upon which the construction was being performed.
There is no evidence in the record which would indicate that the two corporations are not separate and distinct. The undisputed evidence does disclose that the owner of the property is Coral Ridge Properties who contracted with plaintiff’s employer who in turn subcontracted with the defendant.
Thus, we find that the lower court was correct in determining as a matter of law that plaintiff's remedy under §§ 440.10 and 440.11, supra, is exclusive as regards the defendant.[1] Accordingly, the judgment is affirmed.
Affirmed.

. Miami Roofing & Sheet Metal Co. v. Kindt, FIa.1950, 48 So.2d 840.