ANDREWS, Judge.
The plaintiff, Stephen Vargo, appeals summary final judgment for the defendant, Robert L. Carter.
Plaintiff, an employee of McDonald Construction Co., the general contractor, seeks to recover damages for injuries sustained from a dump truck leased by the owner, Carter, to the general contractor at $6.00 per hour. Carter paid the driver and maintained the truck during the term of the lease.
The truckdriver’s duties were limited to hauling rock fill at the direction of the general contractor from a pit several miles away to the jobsite.
F.S.A. § 440.10(1) provides that every employee of a contractor or subcontractor coming within the provisions of said chapter shall be covered by workmen’s compensation insurance. F.S.A. § 440.11 provides that the exclusive remedy of employees injured on a job as a result of the negligence of other employees of a contractor or subcontractor is under the provisions of the Workmen’s Compensation Laws. Younger v. Giller Contracting Co., 1940, 143 Fla. 335, 196 So. 690.
Plaintiff contends that the defendant is merely a materialman and therefore falls within the exception to the rule announced in the Younger case. We are of the opinion that defendant was not a materialman supplying material for direct incorporation into the project as was the case in Gold-stein v. Acme Concrete Corporation, Fla. 1958, 103 So.2d 202.
The trial court was correct in finding that defendant was a subcontractor and not a third party tort-feasor against whom an action could be maintained. Smith v. Ryder Truck Rentals, Inc., Fla.1966, 182 So.2d 422.
Affirmed.
SMITH, C. J., and ODOM, ARCHIE M., Associate Judge, concur.