LILES, Acting Chief Judge.
'Appellant, plaintiff in the trial court, appeals from a summary final judgment entered in favor of appellee, defendant below.
Plaintiff, an employee of Ewell Engineering Company, sought to recover damages for injuries he sustained in an accident between a bulldozer operated by him and a truck owned by defendant, A. G. Wimpy Co., Inc. Following the accident, plaintiff received workmen’s compensation benefits from Ewell Engineering Company or its workmen’s compensation insurance carrier.
Ewell Engineering was the general contractor in the construction of a road in Polk County, Florida, and contracted with A. G. Wimpy Co., Inc. to haul limerock fe> the site where the road was being constructed. The limerock was purchased by Ewell Engineering and delivered to a railroad siding. Defendant company then *509 transported the limerock in its own trucks to the job site.
Plaintiff contends that defendant company was not a sub-contractor as contemplated by §§ 440.10 and 440.11, Fla.Stats., F.S.A., but a third party tort-feasor under the provisions of § 440.39, Fla.Stats., F.S.A. Section 440.39 provides in part that an employee injured in an industrial accident by the negligence or wrongful act of a third party may accept compensation benefits and still pursue his remedy by action at law against the third party.
We do not agree that defendant company was a third party tort-feasor such as contemplated under § 440.39, but rather came within the provisions of § 440.10(1), Fla. Stats., F.S.A., which provides that every employee of a contractor or sub-contractor shall be covered by workmen’s compensation insurance. Section 440.11, Fla.Stats., F.S.A., provides in effect that remedies under the workmen’s compensation law shall be the exclusive remedy for employees injured on the job as the result of the actions of other employees of either the contractor or sub-contractor. Plaintiff clearly comes under this section.
The cases relied upon by plaintiff in support of his argument involve negligent acts of employees of materialmen supplying various items to the general contractor. In those cases the materialmen have been held to have been third party tort-feasors. See, e. g., Goldstein v. Acme Concrete Corp., 103 So.2d 202 (Fla.1958).
In the instant case the defendant was clearly not a materialman but a sub-contractor. Cf. Vargo v. Carter, 188 So.2d 402 (D.C.A.Fla.1966). For these reasons the trial court was correct in entering summary final judgment in favor of defendant company, and we affirm.
PIERCE and HOBSON, JJ., concur.