SPECTOR, Judge.
The plaintiff, James C. Shirley, appeals from a final judgment entered against him pursuant to an adverse jury verdict.
The appellant Shirley was an employee of a general contractor engaged in the placement of riprap, or rocks, upon a beach near Jacksonville Beach, Duval County, Florida, to prevent further erosion after a severe hurricane. To this end, the general contractor entered into a contract with Im-ler Earth Movers, Inc. whereunder the latter corporation would provide trucks and drivers to haul the riprap on a contractual basis. The Imler Company, not having sufficient equipment of its own to carry out its contract with the general contractor, entered into an oral agreement with Asbell, the defendant below and appellee here, whereunder Asbell would provide his truck and a driver therefor to Imler. It is quite clear from the record here that the truck contracted for was no mere pickup. It *829 was a piece of specialized heavy equipment designed for use in road building and other heavy construction such as that being accomplished on the beach project.
While in the course of performing his employment for the general contractor, Shirley was injured by a rock which fell from Asbell’s truck at a time when As-bell himself was the driver. For such injuries, Shirley brought this negligence action against Asbell.
By his answer, Asbell interposed an amended first defense by which he contended the plaintiff’s lawful remedy was under the Workmen’s Compensation Law in that the defendant was a subcontractor of a subcontractor of the general contractor who was admittedly the employer of the plaintiff. The trial court denied plaintiff’s motion to strike that defense, correctly ruling that if the defendant indeed were a subcontractor as he claimed to be by his defense, then the plaintiff was by law precluded from recovering except under the Workmen’s Compensation Law. The issue was thusly joined on whether there existed facts to permit the invocation of Sections 440.10 and 440.11, Florida Statutes, F.S.A., which provide such exclusive remedy.
The factual conflicts were resolved by the jury under the trial judge’s instructions in favor of the defendant. Examination of the record in this cause and consideration of the briefs and arguments lead us to the conclusion that there was sufficient evidence presented to the jury which, if believed, as it apparently was, supported the defendant’s contention that he was a subcontractor. The result thusly reached by the jury was consistent with recent rulings of our sister courts in Vargo v. Carter, 188 So.2d 402 (Fla.App. 4th, 1966), and Holley v. Wimpy, 192 So.2d 508 (Fla.App.2d, 1966), in which the provisions of Sections 440.10 and 440.11 were invoked in attempted third party actions against subcontractors engaged in the same general enterprises as the plaintiff’s employer.
Affirmed.
WIGGINTON, Acting C. J., and JOHNSON, J., concur.