DREW, Justice
(concurring specially) :
Petitioner in this case seeks review, by certiorari, of a decision of the District Court of Appeal, Third District, 207 So. 2d 287, reversing a summary judgment for defendant, the petitioner, in an action for negligence brought by an individual sub-contractor against the general contractor on a construction job.
The sub-contractor, respondent Stevens, was injured by an employee of petitioner, the defendant general contractor. As an affirmative defense the defendant general contractor asserted the exclusive liability provision of the workman’s compensation law, F.S. Sec. 440.11, F.S.A.[1] Upon appeal from summary judgment based on this defense, the court detailed facts showing the existence of a subcontract between Stevens and the defendant general contractor, and found that Stevens could not individually occupy the position of an employee under his own subcontract[2] and that therefore he had no remedy under the compensation law, which by its terms is limited to employees, and was not deprived of his right of action by the immunity provisions of Sec. 440.11, supra.
Petitioner asserted conflict between this decision and that in Miami Roofing & Sheet Metal Co. v. Kindt,[3] acknowledging in relation to those who are in fact employees of a subcontractor that “the liability of the contractor shall exist whether or not the subcontractor has the status of ‘independent contractor.’ ” Among other cases cited for conflict was Slack v. Acousti Engineering Company of Florida,[4] quoting with approval an earlier opinion in Arthur J. Collins & Son, Inc. v. Knight, Fla.App., 117 So.2d 740 stating “all workmen engaged in the same contract work * * * are to be considered for compensation purposes as the employees of the general contractor.” The opinion in the present case I think properly rejects the concept of statutory employer applied in these and other decisions rendered on clearly distinguishable facts,[5] the quoted statement from Knight, supra, being necessarily confined in context to workmen who are employees.
I, therefore, concur in the judgment that the writ was improvidently issued and should be discharged.

. ‘The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee, * * * except that if an employer fails to secure payment of compensation as required by this chapter an injured employee, * * * may elect to claim compensation under this chapter, or to maintain an action at law * ”

. “ * * * all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.” F.S. 440.10, F.S.A.

. Fla.1950, 48 So.2d 840, 843.

. Fla.App.2d Dist.1960, 122 So.2d 574.

. Carter v. Sims Crane Service, Inc., Fla.1967, 198 So.2d 25. See also Shirley v. Asbell, Fla.App.1967, 197 So.2d 828, and Jones v. Fla. Power Corp., Fla.1954, 72 So.2d 285.