MANN, Judge.
Concrete Pavers, Inc., was engaged in paving a portion of Interstate Highway 75 north of Tampa. It owned a batch plant at which materials were stored and from which they were shipped to the job site in trucks owned by Thornton Leasing Company and operated by Thornton’s drivers. Upshaw, an employee of Concrete Pavers, Inc., was killed while working at the job site when he was run over by a truck driven by Laws, an employee of Thornton Leasing Company.
The question is whether Fla.Stat. § 440.-10(1) (1969) [1] F.S.A., makes workmen’s *721 compensation an exclusive remedy and immunizes the defendant against liability as a third-party tortfeasor. It is, for reasons explained in Judge Liles’ opinion in Holley v. Wimpy,[2] in which the factual circumstances were as close to this case as is possible. There an employee of Ewell Engineering Company, the road contractor, was injured in a collision between his bulldozer and a truck owned by Wimpy, who hauled Ew-ell’s materials to the job site.
Upshaw’s administratrix argues that the relationship of Concrete Pavers to Thornton was that of lessor-lessee, and not contractor-subcontractor. The distinction is more verbal than factual, and stare decisis demands that we adhere to our ruling on identical facts in Holley v. Wimpy, supra. In Holley v. Wimpy, Wimpy was referred to as a subcontractor. Here, Thornton was referred to as a lessor. Apart from this, the conduct of the construction job seems to have been virtually the same in both cases. We turn then to the question whether calling Thornton a lessor makes any difference. It did not in Smith v. Poston Equipment Rentals, Inc.,[3] in which Smith’s employer “rented” a crane, with operator, from Poston. Street v. Safway Steel Scaffold Co.,[4] involved the rental of shoring equipment plus other services. In both of those cases workmen’s compensation was held an exclusive remedy, and we think their reasoning persuasive.
A lessor of a truck, without a driver, to a newspaper whose employee falls through the defective floor of the truck, is liable in tort,[5] but it is inconceivable to think of the lessor as a “subcontractor” in that situation.
Thornton was not a materialman, as in Goldstein v. Acme Concrete Corp.,[6] in which case the tort action lies. Thornton was engaged to bring to the job site materials owned by Concrete Pavers.
The rationale of the quoted statute is to equate the situation of workmen at a job in which various subcontractors are functioning under a general contractor with that which would obtain if the general contractor itself were employing the workmen directly. There are instances, of course, in which the wording of the statute allows recovery from a third-party tortfeasor although a slight change in circumstances would limit recovery to workmen’s compensation. For example, where there is no contractor and the owner is managing the construction project, recovery in tort is allowed.[7] Our Supreme Court has recently allowed recovery where the “contractor” is merely an agent and in fact the owner is handling the project.[8]
We have considered the appellee’s contention that the appellants have not proved that Concrete Pavers, Inc. was a contractor and not an owner. This argument is patently without merit. We take judicial notice that Concrete Pavers, Inc. is not the owner of Interstate Highway 75.
There are other cases in which the rule we apply here has been uniformly applied to factual situations like this one.[9]
Reversed and remanded.
LILES, Acting C. J., and DURRANCE, CARL C., Associate Judge, concur.

. “Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees of the compensation payable under §§ 440.13, 440.15 and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment.”

. Fla.App.2d 1966, 192 So.2d 508.

. Fla.App.3d 1958, 105 So.2d 578.

. Fla.App.1st 1962, 148 So.2d 38.

. Hunt v. Ryder Truck Rentals, Inc., Fla.1968, 216 So.2d 751.

. Fla.1958, 103 So.2d 202.

. Jones v. Florida Power Corp., Fla.1954, 72 So.2d 285; Foulk v. Perkins, Fla.App.2d 1966, 181 So.2d 704.

. Smith v. Ussery, Fla.1972, 261 So.2d 164.

. Vargo v. Carter, Fla.App.4th 1966, 188 So.2d 402; Miami Roofing & Sheet Metal Co. v. Kindt, Fla.1950, 48 So.2d 840; Younger v. Giller Contracting Co., 1940, 143 Fla. 335, 196 So. 690.