DOWNEY, Judge
(dissenting).
There is no doubt that appellants’ requested instruction on comparative negligence should have been given in this case. Hoffman v. Jones, Fla.1973, 280 So.2d 431. However, it seems to me this is a classic case for application of the harmless error statute, 59.041, F.S.1971. Said section enjoins the reversal of a judgment or granting of a new trial on the ground of misdirection of the jury unless in the opinion of the court after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This record demonstrates clearly there was no miscarriage of justice because the jury found no negligence on *373 the part of the appellee-defendant. We know that because post trial appellant-plaintiff moved the court for leave to interview the jury, which motion was treated as a “Notice to Interview”, pursuant to Canon 7, FC 7-29, Code of Professional Responsibility, 32 F.S.A. (Pocket part) p. 164. Counsel for each party interrogated each of the jurors and a transcript of said interview is a part of the record. The jurors were unanimous in stating they found appellee-defendant not guilty of any negligence. If there was no negligence there was nothing to compare, and the failure to instruct on comparative negligence could not have resulted in a miscarriage of justice. Murden v. Miami Poultry & Egg Co., 113 Fla. 870, 152 So. 714 (1934). Accordingly, I would affirm the judgment for the appellee-defendant.