313 So.2d 791 (1975)
Eddie RHINES, Appellant,
v.
PLOOF TRANSFER COMPANY, INC., Appellee.
No. V-446.
District Court of Appeal of Florida, First District.
May 20, 1975.
Rehearing Denied June 26, 1975.
*792 Carl M. Stewart and Steven A. Werber, of Corrigan, Werber & Moore, Jacksonville, for appellant.
Walter L. Robinson, of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
BOYER, Acting Chief Judge.
By this appeal from a final summary judgment in favor of the defendant in a tort action we are called upon to determine whether the provisions of F.S. 440.39(1) are applicable so as to allow the plaintiff in the trial court, appellant here, to maintain a common-law action despite having received and accepted Workmen's Compensation benefits from his employer for the injuries which he sustained as a result of the accident giving rise to this controversy.
The record-on-appeal before us consists of a copy of the Complaint, Amended Answer, Stipulation of Facts, Summary Final Judgment, Assignment of Errors, Amended Directions to the Clerk and Certificate of Clerk.
Rule 3.6(l). FAR provides that unless the record shows to the contrary, it shall be presumed, upon appellate proceedings, that the record transmitted to the appellate court contains all proceedings in the lower court material to the points presented for decision in the court. There is nothing in the record before us contrary to that presumption. The same rule provides that if anything is omitted from the record-on-appeal by error or accident, the parties by stipulation, or the lower court, either before or after the record is transmitted to the appellate court, or the court on a proper suggestion or on its own initiative, may direct that the omission be corrected. Only those portions of the lower court proceedings which are essential or material to a proper resolution of the points raised on appeal should be included on the record-on-appeal. (Rule 3.6, subd. d(1) FAR and Rule 3.6, l FAR) Rule 3.6, subd. d(1) directs that the appellant shall file directions to the lower court clerk for making up the record on appeal and that the appellee shall file his directions "designating any additional portions of the record, proceedings, or evidence he deems essential to be included in the record-on-appeal."
In the case sub judice the attorneys for the appellant and appellee vehemently disagree, in their briefs and during presentation of oral arguments, as to the material facts in the case. Appellee asserts that the trial judge considered, in addition to the stipulation of facts which is contained in the record-on-appeal, a deposition of the appellant. Appellee also asserts that that deposition reveals material facts which do not appear in the stipulation of facts, nor elsewhere in the record-on-appeal. As above stated the Florida Appellate Rules require that we presume that the record on appeal transmitted to this Court contains all proceedings in the lower court material to the points here presented for decision. There has been no effort to supplement the record. We are therefore bound by the record-on-appeal transmitted to us and render our decision based thereon.
The plaintiff's complaint, alleged in substance, that an employee of the defendant, while acting in the course and scope of his employment, operated a tow motor in such a careless and negligent fashion as to cause same to come into collision with the plaintiff thereby injuring him. In its amended answer the defendant affirmatively alleged that the plaintiff's exclusive remedy is under Chapter 440, Florida Statutes, the Workmen's Compensation Act. Both parties filed motions for summary judgment as to the issues raised by that defense and, in connection therewith, filed a stipulation of facts. That stipulation is as follows:
"The parties, through their undersigned attorneys, stipulate that the following facts may be considered as uncontradicted by the Court in ruling upon the motions *793 for summary judgment filed by the Plaintiff and by the Defendant:
"1. Plaintiff, Eddie Rhines, was injured in an accident on July 20, 1971 on the ACL dock on Tallyrand Avenue in Jacksonville, Florida.
"2. At the time of the accident, Plaintiff was employed by McGriffin & Company, Inc.
"3. Plaintiff was injured in the course and scope of his employment while stepping off a tow motor operated by one Sidney Elmore, an employee of Ploof Transfer Company, Inc., who at the time of the accident in question had been leased along with the tow motor by McGiffin & Company, Inc. from Ploof Transfer Company, Inc. on the basis of $25.00 per hour flat charge for the tow motor and operator.
"4. At the time of the accident, both plaintiff and the tow motor operator, Sidney Elmore, were performing work on behalf of McGiffin & Company, Inc. under the direction and supervision of a foreman employed by McGiffin & Company, Inc.
"5. The property on which the accident occurred and upon which McGiffin & Company, Inc. was conducting its operation was under lease to McGiffin & Company, Inc. from the owner, Seaboard Coast Line Railroad Company.
"6. There was no written contract or written lease agreement between Ploof Transfer Company, Inc. and McGiffin & Company, Inc. covering the rental of the tow motor and its operator.
"7. The plaintiff, Eddie Rhines, has received workmen's compensation benefits from his employer, McGiffin & Company, Inc."
The learned trial judge entered summary final judgment reciting a finding that "as a matter of law there is no genuine issue of material fact and that the Defendant is entitled to a Summary judgment as a matter of law."
Since it is conceded that plaintiff was injured in the course of his employment and the issue of negligence is resolved in favor of the plaintiff for the purpose of defendant's motion for summary judgment, the question is whether the defendant was a "third party tortfeasor" within the meaning of F.S. 440.39(1).
In the event defendant is not a third party tortfeasor under the above mentioned statute then the provisions of F.S. 440.11 render defendant immune from liability, since that statute provides that the remedy of workmen's compensation is exclusive, plaintiff's employer having secured payment of compensation. F.S. 440.11 provides, so far as here material, that the liability of an employer "prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to the employee". It therefore becomes necessary to apply the provisions of F.S. 440.10 to the facts sub judice. That statute provides in material part as follows:
"Every employer coming within the provisions of this chapter, including any brought within the chapter by waiver of exclusion or of exemption, shall be liable for and shall secure the payment to his employees of the compensation payable under §§ 440.13, 440.15 and 440.16. In case a contractor sublets any part or parts of his contract work to a subcontractor or subcontractors, all of the employees of such contractor and subcontractor or subcontractors engaged on such contract work shall be deemed to be employed in one and the same business or establishment, and the contractor shall be liable for and shall secure the payment of compensation to all such employees, except to employees of a subcontractor who has secured such payment."
Thus, if McGiffin & Company, Inc., plaintiff's employer, is a "contractor" for *794 purposes of F.S. 440.10(1) and defendant Ploof Transfer, Inc. is a "subcontractor" to whom McGiffin had "sublet" a portion of the contract work, then the statute renders all employees on the project employed by a "common employer", hence they are statutory fellow servants. If this is the case, then the defendant cannot be a "third party tortfeasor" for the purposes of F.S. 440.39(1).
There is nothing in the record to suggest that the tow motor and operator were leased by McGiffin & Company, Inc. for the purpose of performing any contract with any other entity. Neither does the record suggest that McGiffin & Company, Inc. had "sublet" any protion of any contract work to Ploof Transfer Company, Inc. On the contrary the stipulated facts are to the effect that at the time of the accident, both the plaintiff and the tow motor operator were performing work on behalf of McGiffin & Company, Inc. on property leased to McGiffin & Company, Inc. which, in legal effect, rendered McGiffin & Company, Inc. the beneficial owner.
In a factually similar case, our sister court of the Second District in Foulk v. Perkins, Fla.App. 2nd 1966, 181 So.2d 704, said:
"The contention that the plaintiff is barred from pursuing this cause because her decedent and the operator of defendant's truck were both statutory employees of Hendry County Rock Company, thus limiting her to Workmen's Compensation benefits, is without merit. Hendry County Rock Company was not a `contractor' and the defendant was not a `subcontractor' as those terms are used in F.S. 440.10(1), F.S.A., so as to confine the plaintiff to Workmen's Compensation benefits as provided in F.S. 440.11, F.S.A. The mere fact that plaintiff's decedent and defendant's truck driver were working on the same general project does not make them employees of a common employer, and as Hendry County Rock Company had no primary obligation under a contract with another party, a portion of which it was passing on to defendant, it was not a `contractor' who would become the statutory employer of defendant's employees. * * *
* * * * * *
"Under the facts in this case the defendant was a `third party tortfeasor,' as that term is used in F.S. 440.39, against whom the plaintiff may bring these actions. * * *" (181 So.2d 707; emphasis added)
In Smith v. Ussery, Sup.Ct.Fla. 1972, 261 So.2d 164, the Supreme Court of Florida had occasion to rule upon the identical issue of whether persons employed on a common job are necessary classified as having a common employer. In that case a Hialeah Hospital elected to serve as a general contractor incident to the construction of an annex to the hospital. The hospital had an agent for actual construction who contracted for it with an electric company and a cement company. An employee of the electric company was injured and brought suit against the cement company who asserted the defense of workmen's compensation. In that case the writer of the opinion stated:
"The exclusionary rule here sought to be invoked, does not apply where the only privity of contract or obligation to perform work by such alleged subcontractors was with the owner or its agent and where the true relationship of contractor and `subs' does not exist; for that is the very predicate for the exclusion expressly set forth in the statutory provision § 440.10(1)." (261 So.2d 166)
The court further stated:
"It is undisputed * * * that all construction agreements were entered into *795 between Hialeah Hospital * * * and the several contractors on the job. These agreements are those of an owner and independent contractors separately * * * rather than between a true contractor and `subs' which is necessary for workmen's compensation immunity under `common employer' in the initial cases cited. Under these circumstances there is no `common employer' and the necessary predicate is not present to invoke the workmen's compensation exclusive remedy which the trial court and district court allowed under Fla. Stat. § 440.10(1). Accordingly, such independent contractors as these respondents become subject to a common law suit for negligence in these circumstances." (261 So.2d 167)
In the case sub judice, according to the facts revealed by the record, McGiffin & Company, Inc. was performing work in and about its own premises. It had no primary contractual obligation, some aspect of which was being "subbed" to another. There was no relationship of general contractor and subcontractor between McGiffin & Company, Inc. and Ploof Transfer Company, Inc. McGiffin was simply an owner and Ploof an independent contractor who is not, under the holdings of the cases above cited, entitled to assert the imunity afforded by F.S. 440.10(1).
Our holding here is further illustrated by the case of Gulf American Fire and Casualty Co. v. Singleton, Fla.App. 2nd 1972, 265 So.2d 720, involving an opposite factual situation. In that case a paving company contracted to pave a portion of Interstate 75 and subcontracted the hauling of materials from the premises of the paving company to the job site to a truck leasing company. An employee of the paving company was killed at the job site when hit by a truck owned by the leasing company and operated by one of its drivers. Under those circumstances the court properly held that a true general contractor-subcontractor relationship existed and therefore workmen's compensation was the exclusive remedy. However, the court recognized the distinction between the facts in that case and those in a situation such as involved sub judice, saying:
"* * * There are instances, of course, in which the wording of the statute allows recovery from a third-party tortfeasor although a slight change in circumstances would limit recovery to workmen's compensation. For example, where there is no contractor and the owner is managing the construction project, recovery in tort is allowed. * * *" (Emphasis the court's; 265 So.2d 720)
We conclude that under the facts as revealed by the record before us as applied to the applicable law above discussed, the relationship between McGiffin (the plaintiff's employer) and the defendant (the employer of the tow motor operator) was one of employer and independent contractor, and not general contractor and subcontractor as contemplated by the exclusionary language of Florida Statute 440.10(1), and that therefore the defendant below, appellee here, is subject to suit for the alleged negligence of its employee. It follows therefore that the learned trial judge erred in the entry of the summary final judgment here appealed.
Reversed and remanded for further proceedings consistent herewith.
JOHNSON, J., and STEWART, LEON F., Associate Judge, concur.