RAWLS, Acting Chief Judge.
On a previous appearance in this court, a summary judgment in favor of Ploof was reversed.[1] The opinion in the prior appearance, after reciting the parties stipulation of facts, specifically observed that nothing in the record suggested that McGriffin & Company, Inc., leased the tow motor and operator for the purpose of performing any contract with any other entity. Upon remand, additional depositions were taken which were considered by the trial court, along with prior depositions (which were not submitted as a part of the record on the first appeal), and upon this record, the trial court again entered summary judgment in favor of Ploof; hence this appeal by Rhines.
The record before the trial court in the instant cause reflects that MeGiffin & Company, Inc., was engaged in the business of providing stevedoring services and terminal operations for shipping companies. On the date of the injury, Rhines was a longshoreman hired for the day to work for MeGiffin. Being without a tow motor capable of handling large containers (standard ocean shipping van), MeGiffin leased at an hourly rate a tow motor and operator from Ploof to accomplish the shifting of containers along dockside so they could be loaded aboard ship. The tow motor and operator were under the direct supervision and control of *1310 McGiffin. While riding on Ploof’s tow motor in assisting the operator, Rhines (McGif-fin’s employee) was injured as he alighted therefrom and instituted this common law action despite receiving workmen’s compensation.
The trial court, after reviewing the depositions and stipulated facts, concluded:
“. . . [A]t the time and place of the accident here in controversy the plaintiff, Eddie Rhines, was a fellow employee in the eyes of the law of Sidney Elmore [Ploof’s tow motor operator] (whose alleged negligence caused the accident and injuries complained of); that McGiffin & Company, Inc., the employer of the plaintiff, Eddie Rhines, was the ‘common employer’ of both Eddie Rhines and the said Sidney Elmore and was bound by the provisions of Sections 440.10 and 440.11, Florida Statutes, to secure the payment of workmen’s compensation to both such ‘common employees’; that the collection of workmen’s compensation benefits from his employer, McGiffin & Company, Inc., was the sole and exclusive remedy of the plaintiff Eddie Rhines since, under the facts of this case, the defendant, Ploof Transfer Company, Inc. was not a third party against whom an independent action can be .maintained under the Workmen’s Compensation Act (see Smith v. Poston Equipment Rentals [Fla.App. 3—1958] 105 So.2d 578 and the cases cited therein; Gulf American Fire and Casualty Company v. Singleton [Fla.App. 2—1972] 265 So.2d 720; Mack v. Cook & Pruitt Morony [Masonry], Inc. [Fla.App. 3—1965] 186 So.2d 831; and Hunt v. Ryder Truck Rentals, Inc. [Fla.—1968] 216 So.2d 751).”
After thoroughly reviewing the record on appeal as now presented, we agree.
AFFIRMED.
SMITH and ERVIN, JJ., concur.

. Rhines v. Ploof Transfer Company, Inc., 313 So.2d 791 (Fla. 1st DCA 1975). The basic factual situation is detailed in our prior opinion and will not be repeated.